# CASES

# SUPREME COURT OF PENNSYLVANIA.

MIDDLE DISTRICT.   JUNE TERM, 1811.

[Sunbury, Tuesday, June 11, 1811.]

## Moore and others *against* the Lessee of Bickham and West.

### In Error.

A purchaser of land is not bound to accept a deed of bargain and sale, in which there is a blank left for the consideration money ; notwithstanding the grantors, after acknowledgment of the deed by them, have authorized their agent to fill the blank.

Where a deed has been acknowledged before a magistrate appointed by law to take and certify the acknowledgment, in order that the deed may be recorded, the parties have no right to make the most trifling alteration in it.

This was a writ of error to the Common Pleas of Northumberland county.   In that court it was an ejectment for a tract of land, the title to which was in the defendants in error, and one Fromberger, by virtue of a sheriff's deed in May 1788 ; but the premises were subject to a mortgage, including this and other lands.

In May, 1791, Quigley one of the defendants below, and under whom Moore claimed as tenant, purchased the tract in question from the agent of the lessors of the plaintiff and Fromberger, and paid a small part of the purchase money as earnest ; but whether he was to have a patent from the land office, a release from the lien of the mortgage, and a general warranty, depended upon testimony on which the court did not express any opinion.   The only point here noticed by the court arose from these facts :—In December 1791, Fromberger, Bickham, and West, and the respective wives of the two last, executed and duly acknowledged a deed of bargain

VOL. IV.—1

[Moore and others *v*. The Lessee of Bickham and West.]

and sale of the premises in question to Quigley, leaving a blank for the consideration, which, as the agent swore, Bickham and *company authorized him to fill, together with like blanks in some other deeds for parts of the same body of lands, according to the amount of the respective sales. This deed with the blank in it, was tendered to Quigley by the agent, in the year 1795, and the acceptance of it refused; whereupon the lessors of the plaintiff, considering the contract as avoided, brought this ejectment.

Upon this point of the case, his Honor, the presiding judge instructed the jury as follows.

*Cooper* President. "It has been objected to the deed that it is void, inasmuch as the consideration money could not be inserted subsequent to its execution by Bickham and company. I consider this as a mere technical objection at best, not touching the merits of the question. Besides, as it is of no consequence whether the consideration money inserted be five cents, five shillings, or five hundred pounds; as the real consideration need not be inserted; as in fact it is quite as customary to insert a nominal as the real one, I shall not urge this to you as an objection worth dwelling upon. Mr. Kidd appears to have been authorized to insert the consideration money according to the circumstances, and I see no objection to his doing so with the consent of both parties."

This opinion was reduced to writing and filed, and the verdict being for the plaintiff, the defendants took a writ of error.

*Watts* and *Duncan* for the plaintiffs in error, argued upon this point, that the consideration was an essential part of a deed of bargain and sale, without which it could not operate; and being thus essential, to insert it after an acknowledgment by the parties, would be to falsify the magistrate's certificate, by making it apply to a deed which in truth was not acknowledged before him. This, they said, was a fatal objection to the deed, in relation to the purpose for which it was used, even supposing that the parties had given authority to the agent to insert the consideration; but as a *feme covert* cannot give authority concerning lands or the conveyance of lands but by acknowledgment with privy examination before a magistrate, there was not legally any authority from the *wives to the agent to fill the blank; and of course the fact of authority was as much against the plaintiff, as the question of its competency.

*Hall* for the defendants in error did not deny the importance of the consideration to a deed of bargain and sale ; but he said the plaintiffs in error had now placed themselves in the situation of persons asking for a specific performance ; and as the Court must be satisfied from examining the notes of the trial and the judge's charge, that Quigley had been guilty of shuffling and prevarication to avoid paying for the land, they would not give him the benefit of the objection which had been raised.

*In reply* it was said, that the question did not turn upon the propriety of a specific performance, but upon the point, whether the judge had erred in law in his charge to the jury. If the judgment is affirmed, the opinion of the judge upon all points on which it was delivered, is declared to be good.

TILGHMAN, C. J. This is a writ of error to the Common Pleas of Northumberland county, founded on the opinion of the president of that court reduced to writing, and filed according to the act of assembly. The plaintiffs had sold to Christopher Quigley one of the defendants a tract of land, for which he had paid a small part of the consideration money, and entered into possession in the year 1791. In 1795, the agents of the plaintiffs tendered to Quigley a deed of conveyance, and demanded payment of the balance of the money. Quigley refused to accept the deed, in consequence of which, the plaintiffs considered the contract as void, and brought this ejectment. Several objections were made to the opinion delivered by the president. I shall take notice of only one of them, because it is decisive. The deed tendered by the plaintiffs was executed by five persons, three of whom were men, and two, married women. It was acknowledged according to law, but there was a blank left for the consideration. There was evidence, that the agent of the plaintiffs was authorized by them to fill up this blank. Under these circumstances, the president of the Court of Common Pleas was of opinion, that the deed was sufficient. The *consideration is a material part of the deed. It is necessary in order to give it operation. This was intended to take effect as a deed of bargain and sale. To such a deed, a valuable consideration is necessary. It matters not how small, but some consideration must be expressed. This may seem a captious objection, but is really of importance. In taking a title of land, it is of great consequence to have everything so clear, as to leave no room for law

[*4

[Lewis *v.* England.]

suits; and it would be extremely hard to make the purchaser *forfeit his title*, because he refuses to accept a deed which might leave him exposed to injury But it is said, that the blank might have been filled up by the consent of all parties; and as the grantors had authorized their agent to do it, Quigley ought to have consented. Where a deed has been acknowledged before a magistrate appointed by law to take and certify the acknowledgment, in order that the deed may be recorded, the parties have no right to make the most trifling alteration. An altered deed is not the same which is certified. The act of the magistrate is independent of the parties, and no consent of theirs can warrant them in falsifying it. But in this case, there was not the consent of all the grantors, at least there was no legal consent. Two of them were married women, whose rights to land cannot be affected without a private examination before a magistrate; and it is not pretended that any such thing took place. Indeed it does not appear that the consent of the *women* was given at all. I presume that it was thought unnecessary; for Mr. Kidd the agent only proves that he was authorized to fill up the blank by Bickham and company. I am therefore of opinion, that Quigley was not obliged to accept the deed which was tendered, and that the judgment of the Court of Common Pleas be reversed. A *venire facias de novo* must be awarded.

YEATES J. was of the same opinion.

BRACKENRIDGE J. of the same opinion.

Judgment reversed.

[Cited in 10 S. & R. 168, 172.]