Duncan J.,
delivered the opinion of the Court.
This was an action of debt on-bond. The plea, non est factum. The plaintiff gave evidence, as stated in the bill of exceptions, and then offered 'the bond, (of which he had made profert and given oyer) to the jury in evidence. This ■was objected to, and the Court sustained the objection, and would not suffer the bond to be read in evidence. The exception to be considered is to this opinion of the Court.
The general rule is, that where any person claims by a deed, in the pleading he ought to make a profert of it to the Court; and when oyer is granted, the deed remains in Court. And if there is a verdict on the plea of non est factum against the deed, and judgment, the deed is impounded by the Court asa condemned thing—in the strong language of the law, damned. And where a party would prove any fact in issue by a deed, he ought to give it in evidence to the jury. In both cases the deed itself must be shewn ; but before the deed is given *311 in evidence to the jury, it must be proved on oath by the sub* scribing witness, if there be one, and if he he living; if dead, or out of the State, or become, interested, or is rendered infamous, proof of his handwriting, or, if that cannot be had, proof of the handwriting of the obligor is admitted ; and ifhe deny the attestation, the deed may then be proved as if there.was no subscribing witness, by collateral evidence; for it is not ’necessary at the common law that there should be any subscribing witnesses to any deed; but if there is one, and he is in the power of th'e party, and does not stand in that situation that he cannot be received as a witness, he must be called and examined before other proof can be let in. If there is attestation, and the witness confess himself to be the attesting witness, prima facia, the presumption is, that what he has attested has taken place in his presence ; and if he denies that, evidence is admissible from other circumstances, as where there is no attesting witnesses. Proof of the handwriting is sufficient to enable the jury to presume, in such case, that sealing and delivery took place ; although the handwriting does not import sealing and delivery ; it is not only proof of the obligor’s signature, but it is presumption that it is a deed executed. The signature; the sealing, and delivery, are matters of fact, to be tried by the jurors. Shepherd’s Touch. 54.; they are matters in pais, and may-be made out by circumstances. Cowp. 204. So, where the attesting witness did not see the obligor sign, seal, and deliver, it may be inferred by the jury from circumstances. Lesher’s Lessee v. Levan. 2 Dall. 96. The circumstances must be submitted to a jury, and the Court cannot take from them the exer ise of their judgment. Piggott v Holloway, 1 Binn. 442. If the subscribing witness denies the attestation, or is unable or unwilling to prove the execution of the deed, collateral circumstantial evidence, proof of handwriting, acknowledgment, are admissible. Taylor v. Meekly, 4 Teales, 79. Where the handwriting of the obligor is proved, it is evidence of every thing in favour of the instrument; and where there is proof of the handwriting of the attesting witness, this is evidence of all he professed to attest by his signature, the sealing and delivery of the bond. The mistake arises from supposing that the Court in suffering the deed to go in evidence to the jury, decide the issue. Nothing can be more unfounded. All that is done by the Court in admitting-the deed in evidence is *312 this, that if the execution of the deed is proved by the subscribing witness, the party has made out & prima facia case, not a conclusive one; or in cases where recourse is had to the secondary evidence, the collateral proof is such that a jury might presume the execution, and then these facts are submitted to the jury to exercise their own judgment, to draw their own conclusion of the sealing and delivery. A proper test would be to inquire whether, if the defendant demurred to the evidence, the plaintiff might not refuse to join in the demurrer, unless the defendant admitted on record the sealing and delivery ; that is, whether there were any facts or circumstances given in evidence from which the jury might infer the fact of sealing and delivery, not that they conclusively must. If the subscribing witness proves the execution of the bond, it is admitted it then goes in evidence to the jury, but it does not pass to them as res judicata, for the defendant may shew it to be a forgery, supported by perjury. If the bond is proved by the 'subscribing witness, it is read in evidence. Why ? Not because the Court pronounce, by admitting it in evidence, that it. is the deed of the party but because - the party has given evidence of i.ts execution. So, where the execution is to be made out by facts and circumstances, it is admitted, not because the Court draw any conclusion of the fact in issue ; but because some evidence is offered from which the jury might presume the fact in issue, the sealing and delivery of the bond; If there is no evidence of the execution, the Court will not permit the bond to be read in evidence ; but if there be any fact or circumstance tending to prove the execution, pr from which the execution might be presumed, then like other presumptive evidence,it is open for the decision of the jury ; for if the Court withdraw the bond from the jury, they withdraw the fact, and decide, not only on the truth, but on the strength of. the evidence, and pronounce at once that there shall be no presumption of facts from the proof of other facts—thus requiring stronger proof than is ever required on a trial for murder, proof by a witness .who saw the deed executed ; for, on the issue, questions of fact only can arise.
Anciently, if there was any erasure or interlineation of a deed, the Judge decided upon the profert; but as the manner of conveyancing swelled from small to large and voluminous deeds, the Courts thought it not proper to discharge the *313 deeds razed or interlined, as void; but they referred it to the jury, upon the issue of non est factum, to decide whether the deed thus razed, or interlined, was the original contract delivered by the parties. 10 Co. 92. If the jury were not to see the deed on which they were to decide, they could not take it out with them unless the Court deterinined it to be fully proved, in which case there would be no cause for further inquiry, and the services of the jury might then be dispensed with, for there would be nothing for them to decide.
This brings us.to the inquiry, whether there were any facts or circumstances given in evidence from which the sealing and delivery might be presumed by the jury. There is only one attesting witness, Peter Levan,'the brother of the defendants, and there are many things very certain ; that he subscribed his name as a witness to the bond ; and that the names of Joseph and Abraham Levan were then to the bond ; that he passed the bond, as sealed and delivered in his presence, as the genuine bond of the defendants to the plaintiff, and received value for it. This attesting witness does not appear in a very favourable light. Having attested the bond as a witness, he deceived the plaintiff by attesting a blank paper, because he gave it currency by. his signature, and undertook, as a witness, to prove its execution, not as a blank paper, but as a ■ written obligation ; and because, when he delivered it to the plaintiff, he delivered it to him as the true and genuine bond of Joseph and Abraham, executed by them, and made payable to plaintiff for 2200 dollars. I would then consider him as the agent of the defendants; at least, I would so leave it to the jury ; and if h§ is so considered, then he delivered this bond to the plaintiff, having authority so to do, and it would be their deed. The witness gives, evidence that the signature is the handwriting of Joseph Levan ; he never saw him write much ; he will not swear it to be his, but it is like it. From a reluctant witness you could not expect stronger proof of knowledge of handwriting; and if the signatures are not the handwriting of both, then this witness, having published this as the true and genuine bond of both, has done an act savouring strongly of forgery. Daniel Sigfried brings home the bond to Joseph, for Joseph acknowledgedhe had executed a bond to plaintiff with his brother, and there is no evidence of any other bond to which this acknowledgment could apply. *314 The witness had seen the bond ; he thought it was the handwriting of Joseph, he had not seen him write often ; the usual evidence of handwriting when men are not in business, and when handwriting has not become notorious. Susanna Stgfried proves, that Peter Levan told the plaintiff, how he had got the bond for 2200 dollars from Abraham and Joseph, and he delivered it as their bond, filled up as it now is. This is not a case of a party discrediting his own witness; the witness is forced upon him, he is obliged to examine him, and he can contradict him. Here he' does contradict him. A jury then might be justified in discrediting the testimony of the attesting witness, as to the bond being,executed in blank; and this leaves it to what the law considers as prima facie evidence, that the attestation was , in the presence of the subscribing witness, as it purports to be. So far from thinking there was no spark of evidence from which execution of the bond might be presumed, I do not think a Court would be justified in granting a new trial if the jury had found it to be the deed of the defendant, on the ground of its being a verdict destitute of all evidence. The facts and circumstances were of that nature, that the bond should have been received in evidence, open to all evidence that might be adduced to lessen the weight of these facts and circumstances ; and in withholding the bond from the jury, the Court decided that issue of fact which could only be decided by the jury.
Judgment reversed, and a venire facias de novo awarded.