*167 The opinion of the court was delivered by
Duncan, J.
The plea of non assumpsit to an action of debt on a sealed instrument, is a novelty. The issue was immaterial. The plaintiff in error, denying the instrument, should have pleaded non est factum. No exception has been made to the judgment on this ground, but as the cause will be sent back, it will be well for the parties to rectify the pleading.
If the execution went out against Peter Marshall, this would be erroneous; but the error in the execution could not affect the judgment. If both were summoned, and only one appeared, and pleaded to the issue, the course would have been to have taken judgment by default against Peter, who did not appear and plead, file the statement against both, and then have proceeded to try the issue tendered by Sally. The proceedings are very irregular, and this should likewise be put right, when the record is returned to the Common Pleas.
The real point in controversy was, whether the addition of the names of two persons in the character of subscribing witnesses, after the execution of the single bill, which witnesses were not present when it was executed before, when it was acknowledged and delivered by the obligors, avoids the instrument.
The objections come before the court in three shapes. 1st, Objections to the proof of the handwriting of the obligors. 2d, Admission of the bill to the jury after that proof; and 3d, In the charge of the court on all the evidence.
The evidence was properly received, the obligee was bound to prove the execution of the bill, and he must first resort to the primary evidence by the subscribing witnesses, even though they1 should disprove the fact. But it would be placing the party too much in the power of corrupt witnesses, who testify against their own attestation, to conclude him from evidence secondary, which then comes in lieu of the primary evidence, and in truth, is equally satisfactory, of the handwriting of the obligor, and the delivery of the bond.
That evidence being received, the bill then is given in evidence to the jury, not as proved actually, for then the court would decide the issue, but is delivered over to the jury to decide.. It is a mistake to suppose, that by permitting it to go in evidence, the fact is taken from the jury. All that the court do, is to say, there is some evidence from which, if the jury believe the witnesses, they may infer the execution, though it is denied by the subscribing witnesses, and all this was decided in Siegfried v. Levan. 6 Serg. & Rawle, 310. For if the execution were proved by subscribing witnesses,' still their credit is to be left to the jury, and the defendant may impeach their credit, either by proof of character or circumstances falsifying the fact of the execution. So, if they testify against it, still the obligee may show, by circum^ *168 stances, that it is in fact the deed of the party, and a pretty strong circumstance is, evidence of his handwriting, and of his own acknowledgments. But the material matter here is, was the subscription of the names of Jacob Clauser and Peter Bistler by mistake, and from ignorance, put to the bill itself, instead of the assignment, and if the fact had been so submitted to the jury, there would be no error. The rigour with which alterations, whether by design or accident, made in writing, were considered as avoiding the instrument, has been much abated.
But certainly, whatever may be the course of modern decisions as to immaterial alterations made by a stranger, the addition of subscribing witnesses to a deed, good without 'them, is a most material and important one,, deeply affecting the interest of the party, as it furnishes of itself a different and distinct medium of proof. This addition is not inoperative, but materially affects the' situation of the parties Why is it that subscribing witnesses are necessarily called to prove the subscription, and that acknowledgments by the obligor will not suffice? Because the subscription is quasi, a part of the deed, and anciently, the subscribing witnesses formed a part of the jury.
If adding a seal to an instrument valid without it, would avoid it, a fortiori, adding the subscription of witnesses would. It is a falsification of a fact material to the parties. If the witnesses die, or remove out of the state, proof of their handwriting will establish the deed. It may respect lands, and the grantee lie by until they are dead, and then come out with his conveyance and proof of their handwriting, and proof of the handwriting is proof of the delivery. It is a most dangerous tampering with written instruments, and this court expressed a strong opinion of the effect of such alterations, where ,the alteration was quite innocent, and stood unaffected by the slightest imputation of fra'ud. Moore v. Lessee of Bickham & West, 4 Binn. 1. There the court say, the insertion of the consideration, the in blank left in the conveyance for that purpose, which Mr. Kidd, the agent, was authorized by the' grantors to fill, the court said, the exception may seem captious, but it is a fatal one. It is not the same deed, and without the consent of alt parties, the most trifling alteration cannot be made. It does not depend on the motive either of guilt or innocence: the alteration renders it void, for it is not the same identical instrument.
The effect of all the determinations is, that-a material alteration in the deed causes it no longer to be the same deed. It cannot be the same deed without subscription of witnesses, as when the subscription was added. The alteration is a representation that the deed was delivered in the presence of the witnesses, and proof of the handwriting is evidence of all the witness professed to attest by his signature. When oyer of a deed is demanded, the witnesses’ naipes are to be given as part of the component parts of the deed, and though not of absolute necessity to create a valid deed, yét is *169 a very important part of the instrument. The bill here was perfect in one form: no alteration or addition to that form could be made unaccompanied by a new delivery. It would be no excuse to say, that this subscription of witnesses could not injure the pax*ty, does not injure him. This seems to have caused the error into wliich the court fell, in their answer to the 6th proposition of the plaintiff in error. It should have been answered positively, and affirmatively, that if Mr. Gougler did cause Clauser and Bistler fo put their names to the bill as witnesses, without the consent, and in the absence of Peter and Sally Marshall, this would avoid it, and the plaintiff could not recover. But the answer is a qualified one; if the jury believed it to be done with a fraudulent intention, with a design to injure them.
It is not on the supposition of fraud,- that the rule is founded with x’espect to deeds. The policy of the law makes them void without any relation to motive in the particular transaction. This tends to prevent a party from attempting to make any alteration. It is a principle founded on good sense. But the addition cannot be purely an innocent act here. It was done to authenticate the instrument in a different foi’m, and I know not any alteration that could be more mischievous. The party shall not take his chance of advantage from this falsification, and when that is detected, resort to another mode of proof, and recover on the original instrument. The latter part of the answer to this proposition was correct, for if the witnesses were called on to attest the assignment, and by mistake put their names as witnesses to the instrument itself, this would not avoid the bill. It was mistake, aceident, which would be relieved against, and the bill set up, by proof of handwriting of obligors. I have endeavoured to construe the charge of the court as if it was so left to the jury, but I fear this cannot be done without injury to the plaintiffs in error, for the jux-y might, from the expression of the court, “ if done with fraudulent intention,” conclude, that if there was no design to defraud the obligors, and the debt was a just one, the plaintiff was entitled to-i’ecover. But such is not the law, for whether there was design to defraud or not, however the act might be done in ignorance and in innocence, still this falsified authentication of the instrument would avoid it.
This case rested on one single point: did the witnesses put their names to the original bill by the procurement of the obligee in the absence of the obligors without their x-edelivery, or did they intend to put their names to the assignment, to authenticate that, and by their own mistake, or the mistake of the obligee, put it- to that which they never designed to attest, or lend their names to authenticate. In the latter case, the plaintiff was entitled to recover, the obligation was not rendered void. In the first ease, it was void, and there could be no recovery on it.
reversed and venire de novo awarded,