The opinion of the court was delivered by
Duncan, J.
On the plea of non est factum to a single bill, the subscribing witness testified, that the name of the obligee was left blank when theinstrumentwasexecuted; the witness supposingitwas left for the insertion of the plaintiff’s name, and proved the acknowledgment of Diffenbacher, that Berger got the money from Stahl. After this proof, the bill was offered in evidence, and rejected. For the reasons stated in the opinion just delivered in Marshall v. Gougler, this bill ought to have been read. There was some evidence, sufficient to let it go to the jury, who were the judges of the -fact. Its admission was only to submit the fact of execution, and was no conclusion of that fact. The rejection was a decision of the fact by the court, taking it from the jury. The plaintiff offered further to prove, by one of the defendants, Berger, “ that the blank was left, and that the witness and Diffenbacher agreed that it should be filled iip with the name of the plaintiff, and that Diffenbacher authorised him, that if themoney could beobtained from the plaintiff, it should be filled up with his name, and that he did obtain the money from the plaintiff, and his name was then inserted, and the bill delivered to him, of which he informed Diffenbacher, and that he ratified and confirmed it.” This evidence was likewise rejected. When the law prevailed in its utmost rigour, that any material alteration of a bond, after its execution by the obligor, or even by a stranger, without his privity, would avoid it, there were always exceptions. As where the alteration was made by the consent of the parties after execution, 2 Lev. 35, and' where a blank was left, and the party executing it agreed that it should afterwards be filled up, Markham v. Gonaston, Moor, 547. Cro Eliz. 626, the bond was held good. But this very case has frequently been determined to form an exception; for it has been decided, that a party executing a bond, knowing that there are blanks in it, to be filled up by inserting particular names or things, must be considered as .agreeing that the blanks were to be filled up, after its execution. 1 Vin. 185, and in Smith v. Crook, 5 Mass. 538, a bond was executed by a surety, before his name was inserted in the body of the bond, and his name being afterwards inserted when he was present, the bond was held good against him. At one time it was held, that: a material alteration made by'the obligor with the consent of the obligee, avoided the bond; yet that is not now the law, and in Wolley v. Constant, 4 Johns. 59, the doctrine was maintained, that where a bond was created with blanks, for the name and sum, and delivered by the obligee to an agent for the purpose of raising .money, and the plaintiff lent a sum, and the agent accordingly fil *172 led up the blanks with the sum and the plaintiff’s name, and delivered the bond to him, on non est factum the bond was held good. And in Speake and others v. United States, 9 Cranch, 28, it was decided, that the name of an obligor may be erased from a bond, and a new obligor inserted, by consent of all parties, without making the bond void. That was where there were two co-sureties when the bond was executed, and after the execution the name of one was struck out and another entered by consent of all, when the other executed the bond. And in Siegfried v. Levan, 6 Binn. 810, where a printed form of obligation in blank, was signed by the defendants and attested by two witnesses, and the bond was afterwards filled up with the sum borrowed on it, and the name of the obligee, and the subscribing witness delivered it to the obligee, the court said that it should be left to a jury to infer that he was the agent of the obligors, having their authority to deliver the deed. But.there is no necessity to infer any thing here, for the offer was to prove, that the person who filled up the blank with the name of the obligee had previous authority so to do, and a subsequent ratification and confirmation by the man who now denies it to be his deed. This is by ho means so material an alteration. It would make little difference to the obligor, what was the name of the obligee, or to whom he was bound to pay the money; it could in no way be injurious to him. But the sum is always the most important part of the obligation, and even in that case there is a concurrence of authorities to show, this may be inserted after execution, by consent of parties. The case of Moore v. Bickham’s Lessee, 4 Binn. 1, was quite different. For there the insertion of the consideration of the grant was not only after the execution of the deed but after its solemn acknowledgment for thp purpose of being recorded.
The whole may be considered as one entire transaction, not perfected until the money was raised, and the name of the obligee inserted. ■ The insertion in the progress of the transaction, not affecting the situation of the obligee, authorised by the obligor, this perfection of the instrument would amount to a re-delivery of the bond. There is no authority which says, and it would be contrary to common sense, if there were one, that this perfecting of the deed not producing any new or different responsibility, nor changing the state of any party, would destroy a fair bond, and that the very act of the defendants’ own agent and co-obligor specially authorised so to act, should destroy that instrument, without which it would be altogether ineffectual, would be a position I would be sorry to find, had the semblance of law to support, or that any decision took place, at any time, to countenance a defence so destitute of all moral rectitude. For this would be contrary to the very definition of law which is, sandio sanctijubens honesta et prohibens contraria. The rule now is, that if an instrument be altered by rasure in a material part by the person for whose benefit it was intended, this avoids it. The opinion formerly was,; that a rasure by a stran *173 ger would have the same operation, but it has been decided otherwise, and very properly, for in that case, the true ground seems to be, that it should be in fraud of the party interested.
The plaintiff has sustained both his exceptions, and the judgment must be reversed, and a venire facias de novo awarded.
Judgment reversed, and a venire facias de novo awarded.