The opinion of the court was delivered by
Rogers, J.
The single question, in this case, is whether a bond can be executed in the absence of one of the obligors, by the other signing the name of the absent obligee, and affixing his seal, having but a parol authority to do so ?
Public convenience requires, that one man should have power to authorize another to execute a contract for him, as the business may be frequently as well performed by attorney, as in person. But it is a general rule, that such delegation, or authority, must be by deed, that it may appear that the attorney or substitute had' a commission or power to represent the party; and, further, that it may appear that the authority was well pursued. 1 Bac. Ab. 199. Co. Litt. 48, b.
But this is said to be different from a' letter of attorney, anfi, in some respects, it may be distinguished from the cases cited; but *332 there is no difference in principle. Great abuse might arise, if one man, and particularly an insolvent debtor,' should have it in his power to bind another in his absence by so solemn an instrument as a deed, with a mere parol authority. In such a case, society would be too much exposed to the designs of the artful and unprincipled, supported, as they would frequently be, by the testimony of confederated and perjured witnesses. The distinction has been taken between a sealed and ári unsealed instrument, between a bond and a promissory note. No man can bind another by deed, unless he has been authorized by deed to do it; and if a person, however authorized, if not by an instrument under seal, make and execute a deed, expressed to be in behalf of his principal, the principal is not bound by the deed, although he who made it is bound. Banorgee v. Hovey et al., 5 Mass. Rep. 11. Hatch v. Smith, 5 Mass. Rep. 52.
A written or parol authority is sufficient to authorize a person to make a simple contract, as agent or attorney, and to bind his principal to the performance of it, without a formal letter of attorney under seal. Stackpole v. Arnold, 11 Mass. Rep. 27. Long v. Colburn, 11 Mass. Rep. 97. The President, &c. of Northampton Bank v. Pepoon, 11 Mass. Rep. 288.
The distinction then appears to be clearly takerr, between a contract under seal and a simple contract, and I feel no disposition to extend the law, believing that public policy requires that the operation of a parol authority should be rather restricted than enlarged. The case we have now under consideration is an exceedingly strong one; an insolvent debtor, attempting to bind another as his surety by bond, in the absence of the surety, and with but mere parol authority to do so. As then' Groves Gordon was not present when the bond was executed, and John Gordon had no written authority to execute the bond, I am of opinion, that, although it is the bond of John Gordon, yet it is not the bond of Groves Gordon, the surety. 9 Johns. 285.
Judgment reversed, and a venire facias de novo awarded.