The opinion of 'the court was delivered.by
Rogers, J.
The ancient principle, Shep. Touchs. 54. Perk. Sect. 118, and Co. Lit. 171, “that if a man seal and deliver an empty-piece of paper, or parchment, albeit, be do'therein withal give commandment, that an obligation, or other matter shall be written.in it, and this be done accordingly, yet. this, is no good deed,” has •been overruled in the more modern eases:. The point came before the Court of King’s Bench, in Texira v. Evans, cited and relied on in Master v. Miller, & 1 Anstruth, 229. The ease occurred before Lord Mansfield, and was this: ’ AhRms wanted to borrow four hundred pounds, or so much of it as his credit should be able to raise; for this purpose he executed a-bond, with blanks for the name and sum, and Sent an agent to raise money on the bonds? *440 Texira Ieht two hundred pounds on it, and the agent accordingly filled up the blanks with that sum and Texira’s name, and delivered the bond to .him. On non est factum pleaded, Lord Manseield held it a good, deed. The same point came before the Supreme Court of Pennsylvania, in Sigfreid v. Levan, 6 Serg. & Rawle, 308, The plea was non est factum; and, on objection to the deed, it was admitted in evidence, and finally, a verdict was given for the plaintiff. Although the question was not directly de- ' cided, as it arises'on the admissibility of the evidence, yet it may be collected from the.case, that the opinion of the court was in conformity to the case of Texira v. Evans. Judge Duncan enters into an elaborate review of the authorities, although Texira v. Evans seems to have escaped his attention. In delivering the opinion, he says, “ I would consider him (that is, Peter Levan, who filled up the bond,) as the agent of the defendants, at least, I would so leave it to the jury; and if he is so considered, then he delivered the bond to the plaintiff, having authority so to do, and it would be their deed.” The .obligors wrote their names, and 'affixed their seals to a piece of paper, and agreed that Judge Drennan should fill up the bond,, vvhich was accordingly done. It is part of the case, that the instructions were faithfully fulfilled; nor is there any pretence, that after the bond was completed, any alteration was made in.it. It is an ungracious defence on the part of the defendants, who do not allege any.mistake of the instructions, or. any fraud, but seek to take advantage of a technical principle to defeat a just debt. To hold that this comes within the principle, “ That where a deed has been acknowledged before a magistrate appointed by law to, take and.certify the acknowledgment, in order that the deed, may be recorded, the parties have no right to make the most trifling alteration,” is a misapplication of the principle. Judge Drennan stands in the situation, not only of a magistrate, but an agent. The deed was complete only when filled up according to his instructions. The delivery and acknowledgment take effect from 'that time, and it is not pretended, that any alteration.was made after the completion of the deed. .This is nothing more than thé application to a sealed instrument, of,a practice which has been- repeatedly recognised in relation- to promissory- notps'and bills of exchange. There is as- much danger from.the one as the other, and.in the absence of mistake, it is so far from being productive,’that it is a prevention of fraud. -My attention has been called to the case of Harrison v„ Tiernans, 4 Rand., in which it was held, “That a bail bond, which was returned to .the .clerk’s office, but which specifies no sum to be paid by the obligor to the obligee, is a mere nullity.” The reason which is assigned,- is perfectly satisfactory: “ That a bond is.a deed, whereby the obligor obliges himself to paya certain sum of money to another at a day appointed. That the obligation to pay money is of the essence of a bond, and- is in fact the only stipulation which the bond-contains.” -The distinctipn taken by the judge, *441 between a bill of exchange and a bond unnecessary to the-decision of the main point, and is not borne out to its fullest extent by authority. It is in opposition to Trainer v. Evans, and Sigfried v. Levan; and, however respectable as a dictum, it is not sufficient to overrule adjudged cases.
Judgment reversed, and a venire facias de novo a warded: