326

———

## Amos S. Warring *versus* King Williams.

If A signs his name on a paper in blank, and by parol authorizes B to write an agreement of a certain description over his name, he will be bound by such agreement when written over his name by B. But if B adds a seal to the name of A, and delivers the instrument as A's deed, A will not be bound.

This case was an action on the instrument mentioned in the preceding case. The facts were the same, with the following additional circumstances in relation to this defendant.

The defendant was not present when the instrument was executed and delivered by the other parties, nor during any part of the transactions relating to it, nor had he ever given any express authority or assent to have a seal annexed to his name. He put his name on the paper in blank, leaving it with his brothers to be filled up so as to constitute an indemnity to Warring, but without any agreement or direction as to the form of the instrument, and there was no evidence that he had ratified or confirmed it since its execution.

*Dwight* and *Jones*, for the plaintiff. A parol authority was sufficient to authorize the brothers of the defendant to write

*Sept. 9th*

Warring
*v.*
Williams.

over his name such an agreement as he intended, and to put a seal to his name. Such agreements are usually under seal, and the substantial nature of the obligation is not changed by its being under seal. Shep. Touch. 57 ; *Ball* v. *Dunsterville*, 4 T. R. 313 ; *Smith* v. *Crooker*, 5 Mass R. 538 ; Com. Dig. *Fait*, *A* 2.

*C. A. Dewey*, contrà, said it was well settled, that a power to execute a sealed instrument can only be given by deed. Shep. Touch. 54 ; Co. Lit. 35 *b*, Hargrave's note 7 ; *Horsley* v. *Rush*, cited in *Harrison* v. *Jackson*, 7 T. R. 209 ; *White* v. *Cuyler*, 6 T. R. 177 ; Paley on Pr. & Agent, 133 ; 327 *Banorgee* v. *Hovey*, 5 Mass. R. 11 ; *Steiglitz* v. *Egginton*, 1 Holt's N. P. Rep. 141.

*Sept. 12th.*　　PARKER C. J. delivered the opinion of the Court. This case differs materially from the two preceding. The defendant was not present at the time of the delivery, nor during the transactions between the other parties to the instrument. And it is found, that he gave no express authority, nor any subsequent assent to the instrument in its present form as a deed. He had in the morning signed the paper in blank, on which the instrument was written, and had given it to his brothers, with the intention to be bound with them to indemnify. Any simple contract which might have been written over his name, would bind him ; so that he cannot object to it, on the ground of its being joint and several. But there is a technical difficulty in holding him on this form of contract by deed. The general tenor of the books is, that an authority by deed is necessary to create an obligation by deed for another.[1]

The case of *Ball* v. *Dunsterville*, 4 T. R. 313, which is relied on by the plaintiff's counsel, is not sufficiently clear to sustain this position, as the party who denied the deed in that case was present when it was sealed for him, and it might therefore be considered to be his own act. The case of *Steiglitz* v. *Egginton*, 1 Holt's N. P. Rep. 141, is strong, perhaps too strong, in favor of the contrary position. We decide

---

[1] See *Reed* v. *Van. Ostrand*, 1 Wendell, 424 ; *Hanford* v. *McNair*, 9 Wendell, 54 ; *Blood* v. *Goodrich*, 9 Wendell, 68 ; *S. C.* 12 Wendell, 525 ; *Cooper* v. *Rankin*, 5 Binney, 613 ; *Gordon* v. *Bulkley*, 14 Serg. & Rawle, 331 ; *Berkeley* v. *Hardy*, 5 Barn. & Cressw. 355.

nothing more, than that it is necessary that the agent who affixes the seal, should have authority therefor ; and that the signature in blank does not authorize any thing beyond a simple contract.[2]

---

[2] A paper signed and sealed in blank with verbal authority to fill it up, which is afterwards done, is void as to the party so signing &c., unless he afterwards deliver it, or acknowledge and adopt it. *Gilbert v. Anthony*, 1 Yerger, 69 ; *Wynne v. Governor*, id. 149 ; *Byers v. M'Lanahan*, 6 Gill & Johns. 250 ; *Perminter v. M'Daniel*, 1 Hill, 267 ; *Boyd v. Boyd*, 2 Nott & M'Cord, 125 ; *United States v. Nelson*, 2 Brock. 64 ; *Ayers v. Harness*, 1 Hammond, 368 ; *M'Ree v. Hicks*, 3 Dev. 379. But see *Wiley v. Moore*, 17 Serg. & Rawle, 438.