ALEXANDER OGLE *against* GEORGE GRAHAM.

IN ERROR.

One who executes a note as a surety, and gives it to the principal to be executed by him, and delivered to the payee, but who before so doing alters the amount mentioned in the note from a greater to a less sum, cannot take advantage of such alteration upon the plea of *non est factum*.

Nor does it affect the validity of a note, that it was executed by one of the payors in the presence of one witness, and by the other, in the presence of another; although it purports to be executed by both, in the presence of two subscribing witnesses.

ERROR to *Somerset* county.

*George Graham*, the defendant in error, brought this action of debt, upon a note under seal, against *Adam Johnston* and *Alexander Ogle*. The writ was served upon *Ogle* alone, who appeared and plead *non est factum*. Upon this issue the cause was tried.

The evidence given made out this case: *Johnston* was about to borrow four hundred dollars from the plaintiff *Graham*, and *Ogle* agreed to be his security: a joint and several note for that amount was written and signed by *Ogle* in the presence of one subscribing witness, and given to *Johnston*, who afterwards, not in the presence of *Ogle* or *Graham*, struck out "four hundred dollars," and interlined in lieu thereof "three hundred and twenty-three dollars;" then executed it himself, in the presence of another subscribing witness, and delivered it to *Graham*, for a valuable consideration.

(Alexander Ogle *v.* George Graham.)

The defendant's counsel requested the Court to charge the jury,

1. If they believe that the erasure and interlineation were made after the note was executed by *Ogle*, and without his knowledge or consent, there can be no recovery against him.

2. If the subscribing witnesses were not both present when each of the defendants executed the note, the plaintiff cannot recover.

The Court *( Young, president,)* charged the jury in substance, that the alteration of the note, without the knowledge or consent of *Ogle*, rendered it void as to him; unless the jury believed that he had given authority to *Johnston* to alter it; in which case he was liable to pay it as altered.

The second point the Court answered in the negative.

The jury found a verdict for the plaintiff.

*J. B. Alexander* for plaintiff in error.

If, after the execution of a bond, an alteration be made, which is material, without the consent of all parties, it avoids it. Consent must be proved, not conjectured. *Barrington* v. *The Bank of Washington*, 14 *Serg. & Rawle*, 424.

An alteration in the sum, although for the benefit of the obligor avoids the writing. *Markham* v. *Gonaston*, *Cro. Eliz.* 627. *Lev.* 35. *Dyer*, 261. *Stephens* v. *Graham*, 7 *Serg. & Rawle*, 508. The reason of this is, that the law presumes the alteration to be beneficial to him who makes it, although it may not appear to be so; such as an alteration of a note from one hundred, to ninety-nine dollars, for the purpose of giving jurisdiction to a justice of the peace, that the obligee might thereby hasten his judgment, which would clearly avoid the note.

If the obligee procure persons to put their names as witnesses to a bond, it renders it void, without a new delivery. *Marshall* v. *Gougler*, 10 *Serg. & Rawle*, 164. *Babb* v. *Clemson*, *Ibid.* 424. *Pigott's case*, 11 *Coke*, 27.

*Austin* for defendant in error.

The note upon which this suit is brought, was not altered after its delivery, nor was it altered by the payee; which distinguishes it from those cited by the plaintiff in error. Nothing but a fraudulent alteration of a paper, by a party to it, will avoid it. An alteration by one who is not a party will not avoid it. *Chit. on bills*, 131—6—7. *Hunt* v. *Adams*, 6 *Mass.* 519. But in this case *Johnston* was authorized by *Ogle* to make the alteration: such is the legal inference from the nature of the obligation, and the acts of the payors. *Smith* v. *Croker*, 5 *Mass.* 538.

The opinion of the Court was delivered by

Rogers, J.—Giving the testimony of the defendant on the plea of *non est factum*, the whole force to which it is entitled, and it

(Alexander Ogle *v.* George Graham.)

amounts to this: *Alexander Ogle* agreed to become the bail of *Adam Johnston,* for a sum not exceeding $400.  *Ogle* drew a note for that sum, with a blank for the time when it was to be made payable, and executed it in the presence of a witness.  The note was put into the hands of *Johnston,* who, not having use for so much money, altered the sum of $400 to $323, and filled the blank with the words, "the first of December next."  The note was also executed by him in the presence of a witness, but in the absence of *Ogle,* and then delivered to *Graham,* who advanced him the money.  There is no pretence to say that *Graham* made any alteration in the note, or that any alteration was made by any other person, after the delivery.  It is contended, that this is not the deed of *Ogle.*  We are of opinion that it is his deed.  The facts justify the jury in believing, that *Johnston* was the agent of *Ogle,* and as such, authorized to make the alteration, and fill the blank.  It became his deed from the time of the delivery by his agent, and not when it was executed and handed over to *Johnston.* *Graham* is not chargeable with any thing improper in the transaction ; and if the alteration had been made to the prejudice of *Ogle,* which this manifestly was not, it would be unjust that *Graham* should be injured.  The loss, if any, should rather fall on *Ogle,* who puts it in the power of *Johnston* to impose upon a person, who for aught that appears, was free from blame.  This principle has already received the sanction of the Supreme Court in two adjudged cases.  *Sigfried* v. *Levan,* 6 *Serg. & Rawle,* 308, *Wiley et al.* v. *Moore et al.* 17 *Serg. & Rawle,* 438.

The objection that the note was signed in the presence of but one of two subscribing witnesses, and not in the presence of each other, is destitute of any weight whatever.

Judgment affirmed.