[PHILADELPHIA, JANUARY 3RD, 1839.]

## BEARY *against* HAINES and Others.

### IN ERROR.

A joint and several promissory note was signed by A., B., and C.; and afterwards A. acknowledged his signature to a witness, who subscribed his name in the presence of A. and of the payee, without stating that he witnessed only the signature of A. · In an action against the three makers it was *held*, that this was not such an alteration of the instrument as to discharge B. and C.

ERROR to the Court of Common Pleas of Lehigh County.

In the Court below Peter Beary brought an action of *assumpsit* against Lucas Haines, John Schaffer, and Adam Haines. The sheriff returned "summoned," as to John Schaffer and Adam Haines, and "nihil" as to Lucas Haines. The plaintiff declared on a promissory note for $700, executed by the three defendants, dated December 7th, 1835, and payable to himself or bearer on the 1st of April, 1837. The defendant Schaffer pleaded *non assumpsit* and payment, with leave to give the special matters in evidence, &c.; upon which, issues being joined, the cause came on for trial before BANKS, President, on the 31st of January, 1838.

The plaintiff called one John Shifferstine, as a witness, who testified as follows:

"I saw this paper before; that is my name on the note written by myself as a witness; I did not see the parties sign; I saw Lucas Haines sign it, not the bail; Lucas Haines and Peter Beary were present when I witnessed it; John Schaffer and Adam Haines's names were on it when I signed it as a witness. Lucas Haines confessed it or signed it. I think Lucas signed it or acknowledged it at that time. I asked Schaffer at one time if he had signed that note to go surety for Haines. I had not the note with me. Schaffer said he had not. I told him the amount. He said he had authorised his son to sign it for him. I had no conversation with Adam Haines then. Adam Haines said he did not deny his name on the note; that was to-day. We were speaking about the suit on the

(Beary v. Haines.)

note; he said he did not know whether he would have signed the note, if Schaffer's name had not been on the note. All the names were on when I signed it. Nobody was by but Lucas Haines and Beary when I signed it as a witness; Haines and the others had signed it, and I then put my name to it as a witness at Beary's request; all the rest of the names were on when I signed it as a witness. I could not witness more than one; as he only signed it in my presence."

The note was then offered in evidence, objected to, and admitted by the Court, and read, as follows:

"North Whitehall, December 7th, 1835.

On the first day of April in the year of one thousand eight hundred and thirty-seven we, or *eighter* of us promise to pay to Peter Beiry or bearer the sum of seven hundred dollars with lawful interest without defalcation for value received.

$700                                  Lucas Haines, [Seal.]
                                      John Schaffer,
      John Shifferstine.            Adam Haines."

Judge Banks, after stating the facts, charged the jury as follows:

"The question then arises as to what is the effect of Shifferstine signing his name as a witness at the request of the plaintiff and Lucas Haines, in the absence and without the knowledge of the defendants, as proved by Shifferstine.

A party has no right to make or procure to be made any alteration of a writing without the consent of the other party. The adding a witness to the obligation in this case was at the instance of the plaintiff. The addition was not an immaterial matter. If Shifferstine had been dead or out of the jurisdiction of the Court, proof of his handwriting would have established the execution of the paper against the defendants, and put them to disprove it. This alone brings the case within the reach of law as laid down in the case cited from 10 *Serg. & Rawle*, 169. We therefore charge you, that if the plaintiff and Lucas Haines did cause John Shifferstine to put his name as a witness generally to the obligation without the consent and in the absence of John Schaffer, and Adam Haines, this would avoid it as to them, and the plaintiff could not recover."

The plaintiff's counsel excepted to this charge; and a verdict having been found for the defendants, the record was removed by writ of error, and the following errors assigned.

"1. The cause was tried against two defendants, upon a plea and issue joined against one.

2. The Court erred in charging the jury that the witnessing of the paper by Shifferstine in the manner set forth in the evidence avoided the instrument.

(Beary v. Haines.)

3. The Court erred in charging the jury that if the plaintiff and Lucas Haines did cause Shifferstine to put his name as a witness generally to the obligation, without the consent and in the absence of John Schaffer and Adam Haines, this would avoid it as to them, and the plaintiff could not recover.

4. There was no evidence that the plaintiff and Lucas Haines caused Shifferstine to put his name as a witness generally, and the Court erred in submitting that question to the jury without evidence."

The first specification of error was abandoned.

Mr. *Mallery* for the plaintiff in error.—The case of *Marshal* v. *Gougler*, (10 *Serg. & Rawle*, 164,) differs from this in some material points. There the addition of the names of the witnesses, was made in the absence of both obligors, and at the request of the obligee. Here one of the makers was present, and the witness must be taken to have intended the act in reference to him alone. In *Marshal* v. *Gougler*, Judge Duncan speaks of it as a question of intention entirely. In *Ogle* v. *Graham*, (2 *Penn. Rep.* 132,) it was held not to affect the validity of a note, that one of the makers signed it in the presence of one witness, and the other maker signed it in the presence of another, although it purported to be executed by both in the presence of both witnesses. Here no alteration was made in the instrument. There was merely an omission to note that the witness attested the signature of one only. It is not necessary that the witness should *see* the party sign. It is sufficient if the signature be acknowledged afterwards. There was no evidence that the payee asked the witness to put his name to it. The law has been relaxed of late years with respect to bills of exchange and promissory notes. In *Stahl* v. *Berger*, (10 *Serg. & Rawle*, 170,) it was held that a blank for the name of the payee might afterwards be filled up according to the intention of the parties. In *Chitty on Bills*, p. 212 note (ed. 1836,) it is said that consent to an alteration of a note may be inferred from circumstances; and several English cases are cited. To the same effect is the case of *Hunt* v. *Adams*, (6 *Mass. Rep.* 519.) In *Homer* v. *Wallis*, (11 *Mass. Rep.* 309,) it was held that the addition of the name of a subscribing witness to a note was material, because by the statute of limitations of Massachusetts a distinction is made between notes with a subscribing witness and those without. In *Hall* v. *Phelps*, (2 *Johns. Rep.* 451,) it was held, that proof of the confession of the party signing an instrument that he executed it, is sufficient, without calling the subscribing witness.

Mr. *Gibbons*, for the defendants in error, relied upon the case of *Marshal* v. *Gougler*, and cited *January* v. *Goodman*, (1 *Dall.* 228.) *Masters* v. *Miller*, (4 *Term. Rep.* 320.) *Barnes* v. *Trompowsky*, (7 *Term. Rep.* 261.) *Miller* v. *Stewart*, (9 *Wheat.* 680.) *Bank of the United States* v. *Russell*, (3 *Yeates*, 491.)

The opinion of the Court was delivered by

Rogers, J.—Had the name of the witness been subscribed to the note, after its execution, the alteration would have avoided it, as was held in *Marshal* v. *Gougler*, (10 *Serg. & Rawle*, 164.) It is a material alteration of the instrument, because, as is there said, it furnishes a different and distinct medium of proof. Nor can it affect the case, whether it be a bond, or a promissory note, or bill of exchange, for it is at least as important, to prevent the tampering with instruments of the latter description as the former. This rule is founded on a principle of policy, which renders them void without any reference to the character of the writing, or the motives of the party in the particular transaction. These principles are undisputed; but here the indorsee shows that the note, which is joint and several, was signed at different times, and, as is very probable, at the instance of Lucas Haines, who was the principal, the other promissors being sureties. It was placed in the hands of Haines, also, to be executed, or at any rate delivered by him, and until this was done, the contract was incomplete. May we not infer an authority to Haines, to call a witness to the completion of the contract, or in other words, the contract being unexecuted that he was their agent for that purpose? It is material to observe, that there does not appear to have been any intention to commit a fraud, nor can I perceive any testimony from which the jury could draw the conclusion, that the witness was required or intended to witness the note generally. His testimony negatives any such presumption. It discloses the fact, that he was called as a witness to the consummation of the contract, and of the signature of the principal promissor, who either signed it or acknowledged it at the time. If in a suit on a single bill it appears, that at the time of its execution, a blank was left, where the name of the payee was afterwards inserted, but it was in evidence that it was left blank, in order that the name of the payee might be inserted, it is good, upon the principle that it is one entire transaction, and not perfected until the delivery of the note to the plaintiff, and that an authority to fill the blank may be inferred. *Stahl* v. *Berger*, (10 *Serg. & Rawle*, 170.) So in *Seigfried* v. *Levan*, (6 *S. & R.* 308,) where a printed form of obligation in blank, was signed by the defendant, and attested, and the bond was afterwards filled up with the sum borrowed on it, and the name of the obligee, and the subscribing witness delivered it to the obligee, it was left to the jury to infer that he was the agent of the obligors, having their authority to deliver the deed. In the case of *Stahl* v. *Berger*, a distinction is taken between an incomplete and the formal execution of the contract. In *Homer* v. *Wallis*, (11 *Mass. Rep.* 312,) the Court thought it could not be an immaterial alteration, to cause the name of the person to be placed on the note as a witness, when he was in no respect a witness to *any part* of the transaction.

(Beary *v.* Haines.)

The note was altered after its execution, by adding the name of a subscribing witness who was not present. *Hunt, Administrator of Barnes,* v. *Adams,* (6 *Mass. Rep.* 519,) was the case of the addition of a word which the law would have supplied. This was held to be an immaterial alteration, and that the law will presume the assent of the promissor or obligor. An alteration as all the cases show, with the assent of the parties, does not avoid a deed or other writing, nor is it material, whether the assent be before or after the contract, or be express or implied. Where there is a reasonable presumption of the assent of the promissor or obligor, the instrument is not avoided by the alteration; and in this respect there is a great abatement of the rigour of the ancient laws, and particularly in the case of promissory notes, and bills of exchange. If the alteration or addition to the note was made with the express assent of one of the promissors and the implied assent of the others, and antedated as an authentication of its delivery, we see nothing objectionable in it. Of these facts, the jury is the proper judge. The case of *Ogle* v. *Graham,* (2 *Penn. Rep.* 132,) is very like the present. It decided that one who executes a note as a surety, and gives it to the principal, to be executed by him, and delivered to the payee, but who before doing so, alters the amount mentioned in the note from a greater to a less sum, cannot take advantage of such alteration. It also decided that it does not affect the validity of a note, that it was executed by one of the makers, in the presence of one witness, and by the other in the presence of another, although it purports to be executed by both in the presence of the subscribing witnesses. No case has been cited, which shows that the omission to note on the instrument, that the witness attested the signature of one only, has been held to be fatal; and the decision just cited is an instance where the contrary doctrine has been sustained. If the co-promissors are put to an inconvenience, (which can only be in the contingency of the death of the witness,) it is an inconvenience to which they have voluntarily subjected themselves. Nor can I perceive in what respect they are injured by the alteration, which, on the supposition that the note was executed by them, adds in no degree to their liability. It neither increases the amount of the note, nor does it change the parties.

Judgment reversed and a *venire de novo* awarded.