Samuels, J.
This is an action of debt against the executor of Charles C. Gibson on a single bill purporting on its face to have been executed by Peter Hickman, Jacob Merchant, Charles C. Gibson and Andrew Gibson. Issues were made up on 'several pleas of payment, and on the plea of non est factum. On the trial at October term 1847, the jury found for the defendant on the plea of non est factum, but rendered no verdict on the other issues. The plaintiff moved the court to set aside the verdict as against evidence, and for a new trial; which motion, at that time, was sustained. At a subsequent day of the same term the defendant'filed a bill of exceptions, and moved the court.tq ¡reconsider its judgment setting aside the verdict. The court agreed to reconsider; taking time for that purpose, until the next term: and the cause was continued. At the next term, May 1848, the court rescinded the order of the previous term granting a new trial, and rendered a judgment on the verdict; and another bill of exceptions was taken.
It is made a question here, whether it was competent for the court at the May term 1848 to set aside the order granting the new trial at October term 1847. That order was suspended by the fact that the court agreed to reconsider the propriety of having entered it, and by taking time for such reconsideration. The order granting a new trial was merely interlocutory; the case itself was still under the control of the court; the bill of exceptions put upon the record the facts proven at the trial. If the record shows that the court at October term 1847 should have rendered a judgment for the defendant, and that the order granting a new *219 trial was itself erroneous, the delay from October until May should not prevent the court from entering the proper judgment. I conceive that the question whether the new trial was properly refused is fully before this court.
The verdict of the jury should not be set aside as being against evidence, unless it be plainly so. In this case it was shown that the signature to the single bill, Charles C. Gibson, was in his hand writing; it was not directly shown, however, when or for what purpose or under what circumstances that signature was made. The genuineness of the hand writing afforded prima facie evidence of the execution of the instrument; but such evidence may be rebutted by other evidence; and in this case • it is clearly proven that about the time the bond bears date it was blank as to the amount; that this blank was filled with the amount therein by the direction of Hickman and Merchant, in the absence of Gibson, and without his privity or consent; that before filling, the blank Gibson had given no authority to do so. It did not appear that Gibson knew until nearly three years after the date of the bond that his name was written to such a paper; but it did appear that the bond was then shown to him and payment of fifty or a hundred dollars thereon requested. That Gibson professed to have no recollection of being bound for Hickman for one cent; that he acknowledged the signature to be his and promised to see Rhea in a short time; that Gibson took some pains to cause Hickman to make payments to Rhea, the application of which was a subject of controversy on the pleas of payment. On this evidence the jury found for the defendant on the plea of non est factum.
There are cases in which it has been decided that signing, sealing and delivering the form of a deed in blanks, with directions for filling the blanks, and filling *220 them accordingly, make the deed valid and binding. In some cases the direction to fill the blank has been implied where it is apparent what must be inserted in the blank. Texira v. Evans, cited 1st Anst. R. 228; Stahl v. Berger, 10 Serg. & Rawle 170; Sigfried v. Levan, 6 Serg. & Rawle 308; Ex parte Kerwin, 8 Cow. R. 118; Smith v. Crooker, 5 Mass. R. 538; Speake v. The United States, 9 Cranch R. 28. There are other cases which decide that such filling of blanks will not give validity to the deed unless under circumstances which make a new execution thereof. Cleaton v. Chambliss, 6 Rand. 86; Hibblewhite v. McMorine, 6 Mees. & Welsb. 200; The United States v. Myers & Nelson, 2 Brock. R. 64; Harrison v. Tiernans, 4 Rand. 177.
It is not necessary for the disposition of this case to decide which of these conflicting authorities should be followed. The judgment must be sustained if the cases first cited above decide the law correctly, because of the absence of authority, express or implied, to fill the blank. If the second class of cases cited give the rule, the judgment must be sustained, because of the absence of proof of re-execution.
I am of opinion to aifirm the judgment.
The other judges concurred in the opinion of Samuels, J.
Judgment affirmed.