———o———

THOMAS D. EVANS, Plaintiff in Error, *vs.* LUTHER T. FOREMAN, Defendant in Error.

1. *Promissory note, alteration of—Intent of party making, immaterial—Ratification, etc.*—A material alteration in a note by one of the parties, as by adding the words "after due, ten per cent.," will release a party not ratifying or consenting to the change. And the rule holds even though the alteration be made with honest intent, in order to conform the note to the agreement of the parties. The alteration vitiates the note regardless of the intention.

2. *Promissory note—Payments on after alteration—Effect of.*—Partial payments after the alteration of a promissory note, and with full knowledge of the fact, will be held as a ratification of the change.

3. *Promissory note—Alteration made in presence of party his own act, when.*—An alteration made in the presence and with the consent of a party thereto will be held, in law, as his own act.

### *Error to Linn Circuit Court.*

*C. W. Bell,* for Appellant, cited in argument 2 Pars. Bills & N., pp. 570, 571; Hervey vs. Hervey, 15 Minn., 357; Nevins vs. DeGrand, 15 Mass., 436; Kountz vs. Kennedy, 63 Penn. St., 187; Drakes vs. Fray, 7 Bush Ky., 273.

*George W. Easley, with Alex. W. Mullins,* for Defendant in Error, cited in argument, 1 Greenl. Ev., § 565; 2 Pars.

29—VOL. LX.

Notes & B., 545; Haskell vs. Champion, 30 Mo., 136; Britton vs. Dierker, 46 Mo. 591; Holmes vs. Trumper, 22 Mich., 427; 7 Am. Rep., 661; Whitmer vs. Frye, 10 Mo., 348; Fulmer vs. Seitz, 68 Penn. St., 237.

SHERWOOD, Judge, delivered the opinion of the court.

Action on promissory note. Plea, *non est factum*, accompanied by special and explanatory statement to the effect that the note was signed by defendant as surety of his co-defendant Johnson, and that after issue the instrument received an unauthorized alteration by the addition thereto of the words; "after due 10 per cent." Suit discontinued as to maker Johnson. There was no denial of the allegation of the petition that certain payments on the note sued, had been made by the defendant.

The reply alleged that the note, by mistake, was not drawn in accordance with the intention of parties; that the correction was made in conformity to such intention, and that defendant, when made aware of, ratified the act.

There was evidence in support of the plaintiff's and of the defendant's allegations; that of the former showing that, discovering the alleged mistake, plaintiff had mentioned the matter to the maker, who, in the absence of the surety, and in good faith, had added the additional words, and that, being informed of the alteration, defendant had approved thereof and promised to pay and offered land in payment of the note.

It would be a hopeless task to endeavor to reconcile, and a fruitless one to even compare the numerous conflicting decisions, and oftentimes fine spun distinctions, of which the alteration of promissory notes and the legal consequences flowing therefrom, have been the prolific theme.

This court, in the case of Haskell vs. Champion (30 Mo., 136) became the enunciator of a doctrine, on this point, which for freedom from embarrassing complications, facility of its application, and as preventing fraud even in its incipient stages, by putting an absolute interdict on all unauthorized tamperings—placing thereby the holders of paper under the

strong bonds of pecuniary self-interest to keep it entirely intact—commends itself to our cordial approbation.

Judge Scott, in delivering the opinion of the court in that case, remarks with much force : " As the nature and purposes of contracts require that they should pass to the hands of those who are interested in altering them, to the prejudice of those who execute them, and as the facilities for making alterations are numerous and the difficulty of proving them great, all means should be employed to impress on the minds of those who are in possession of such paper a sense of its inviolability."

The Supreme Court of Pennsylvania, has pursued in this regard, the same line of decision as our own court. In Moore vs. Lessee of Brickham & West (4 Binn., 1) it is said : "Without the consent of all parties, the most trifling alteration cannot be made."

In Marshall vs. Gougler, (10 Serg. & R., 164), the question at issue was whether the witnesses had put their names to the original bill by the procurement of the obligee, and in the absence of the obligors, or did they intend to put their names to the assignment to authenticate that, and by their own mistake, or the mistake of the obligee, subscribe their names to that they never designed to attest ; and there the appellate court condemned the charge of the lower one, which told the jury in substance that if the names of the witnesses were procured to be put to the note by the obligee, with a fraudulent intention, with design to injure, etc., it would avoid the note, but the note would not be void if the procurement of their signatures was without such intent, remarking : "But such is not the law, for whether there was a design to defraud or not, however the act might be done in ignorance and in innocence, still this falsified authentication of the instrument would avoid it."

In Miller vs. Gilleland, 19 Penn. St., 119, speaking of these alterations, the court says, * * * : "To tolerate an attempt to reform a security by the rash and it may be secret act of the creditor, would change the position of the debtor and subject him to risk and trouble which ought not to be im-

posed on him. It would compel him to encounter the perils of parol proof, not only to establish the fact of alteration, but to show what the instrument was; and that done, to meet the creditor's proof of *bona fides.*"

To the same effect are Neff vs. Horner, (63 Penn. St., 327;) Fulmer vs. Seitz (68 Penn. St., 237), and are on all fours with the case at bar.

In Fulmer vs. Seitz, just cited, the case of Kountz vs. Kennedy, 63 Penn. St., 187, relied on by plaintiff, is spoken of thus: "That case is a very close one, and was decided doubtingly on its peculiar circumstances, one of our number expressly dissented and I gave my own assent with hesitation."

In England and New York, the rule, that a material alteration vitiates, whether done innocently or fraudulently, prevails. (Warrington vs. Early, 2 Ellis & B., 763; Gardner vs. Walsh, 5 Ellis & B., 82, [overruling Cotton vs. Simpson, 8 A. & E., 13]; Chappell vs. Spencer, 23 Barb., 584, and cases cited; Woodworth vs. Bank of America, 19 Johns., 391.)

It will be observed that the cases just cited do not proceed to the length of those in Pennsylvania; but the latter are thought to assert the better, as they certainly do the safer, doctrine.

The alteration in the note sued, having been made in the presence and with the privity of the plaintiff, must be received in the same light as to the results consequent therefrom, as though done with his own hand. (Miller vs. Gilleland, and Neff vs. Horner, *supra.*)

It has not been intended by the foregoing remarks to give any intimation as to what the effect would be, were the alteration a result purely accidental, or caused by a stranger's spoliation. But it is designed distinctly to assert that if mistakes do arise in the preparation of written instruments, that aside from consent of all parties interested to the needed correction, the courts of the country, alone, can furnish adequate redress; and that we will not give sanction or countenance to the attempts of an interested party to effect by his own hand the desired reformation; as an honest blunder of this sort, if

upheld in one instance, might necessitate sanctioning an alteration having that appearance, but which from the infirmity of human testimony, might be grossly otherwise.

Under the issue raised by the pleadings, the only material question left to the triers of the fact was that presented by the first instruction given for the plaintiffs and by the first and second instructions given for defendant, embodying the theory that though the surety gave no prior authorization to the addition of the words " after due 10 per cent.," yet if having full knowledge of the alteration, he yielded assent thereto, this would be equally as binding as if consented to in the first instance, and that in the absence of any such ratification the note as to him was void.

These instructions placed the matter at issue with unexceptionable fairness before the jury.

As to those instructions, asked on the part of the plaintiff, to the effect that although the note was altered without defendant's knowledge or consent, yet, if the change was made in order to conform the contract to what all the parties had agreed, and without any fraudulent intent, such alteration would not invalidate the note, they were properly refused ; and the principle asserted in them has been condemned in our previous remarks, as well as in the cases cited from Pennsylvania. But there was an error committed in the trial of this cause which we cannot regard as altogether "harmless." The court refused to instruct the jury that the pleadings admitted that the defendant had made certain payments on the note. The plaintiff had a right to demand that the jury be told just what the parties had admitted of record. This admission was an important one, constituting a link in the chain of plaintiff's evidence, which, if supplemented by sufficient testimony showing such payments to have been made with full knowledge of the alteration, would have made out his case. It may have been that the verdict would have been unchanged, had the second instruction, stating the admission, been given ; but this is a matter beyond the range of possibility to determine.

Therefore, the judgment will be reversed and the cause remanded. All concur, except Judge Vories, absent.