*361 OPINION of the Court,;
by/Ch. J. %0yle.
— This was a joint action, brought by the appellee against Tho-mift Arthur and tjie appellant upon an injunqtion bond, *362 jn •which Arthur, who obtained the injunction, and th« appellant, were jointly bound. The original writ was executed upon the appellant, and as to Arthur the she-rjff returned that ‘^he was not found in his bailiwick.” Against Arthur no farther steps appear to have been taken. The appellapt appeared and pleaded “ that the P^a'nt!^ his “action against him to have and maintain ought not, because he says when he signed and affixed his name to the paper in the declaration mentioned, it was. a blank piece of paper without any bond or writing obligatory written thereon, and so the said defendant says the writing aforesaid is not his deed, and of this he puts himself upon the country.”
t 1 that "the* paper was blank when f“'J is not fufficient.
Whether the paper was^W the obligation was written, is takes° 'efféñ from delivery.
c,'“la." ¡snothisdeed',’ ees not make jta plea of ge- ^ neral ja&um.
The return of (he fteriff tb^mjomc’ob-Iigor, does not auiborifea judg the*11 ligor, out farther pro. defendant not found.
° this plea there was a general demurrer, which was sustained by the court below ; and for the damages given upon a writ of inquiry awarded, a final judgment was rendered, from which this appeal is prosecuted,
ail consider is, whether the pie The first point we is sufficient or not ?
which is sealed There is no doubt that a blank papel- and delivered, cannot, by having the words of an obli-(ration afterwards superscribed, become a deed— 4 Com. Dig. 157— Perk. Lec. 118. But it is evidently an immaterial circumstance whether the signature was affixed before the obligation was written or not. At common law signing was in no case an essential requisite of a deed, and it could not be material at what time that was done which was not necessary to be done. The statute frauds and perjuries has indeed, in cases coming its provisions, made signing necessary ; ^and a dee¿ ⅛ suc¡-¡ cases without signing would create no obligation or pass no interest. But even in a case of that kind, it is not apprehended to be material whether the signing is before or after the contract is written, provided m the latter case it were acknowledged afterwards ; and the sealing and delivering of a deed would no doubt be sufficient evidence of such an acknowledgement.
Whether, therefore, we are governed by the principles of the common law or the provisions of the statute, it is equally clear that wfeeannot say that the signing of the paper before the words of the obligation were written, can affect the validity of the bond. It necessarily results that the averment in the plea* “ that when the appellant signed and affixed his name to the paper is *363 the declaration mentioned, it was a blank piece of paper,” affords no data from which a legal inference can be deduced that the instrument-in question is not his deed. An - issue joined upon thaupoint would be immaterial, and a verdict finding the fact either the one way or the other would not enable the court to determine whether the instrument was or was not the deed of the defendant.
Tt was contended in argument that the coapluding averment “ and so the said defendant says the said writing is not his deed,” rendered the plea sufficient as a general non est factum. We are however of opinion this argument is not sound. This was not intended as a distinct substantive averment, and is in fact but a mere conclusion from the matter previously alleged ; and as that was insufficient to justify such a conclusion, the conclusion itself must fail.
The plea is therefore insufficient, and the demurrer to it was properly sustained by the court below.
The next point we shall notice is as to the propriety of taking judgment against the appellant alone, without the cause having abated or been disposed of against the other defendant.
It has been repeatedly held by this court, that prior to the act of 1811, which introduced a change of the law upon this subject, a judgment could not regularly be taken against one only of several(a) defendants in an action upon a joint obligation, unless the suit had been disposed of as to the others. That act has so far changed the law in this respect as to authorise a judgment against one of several defendants in such a case, if the sheriff shall have returned that the others are no inhabitants of his county. Rut in no other case is such a judg^ Bient authorised.
The return of the sheriff in this case did not therefore authorise the final judgment to be taken against the appellant only. ■
The final judgment must be reversed with costs, and the cause remanded for new proceedings not inconsistent with the foregoing opinion.

 Shields vs Perkins, vol. 2, 229... Hardwick vs M'Kee, 596—Lewis versus Davis, 571.