Nov. Term,
1820.

MORRIS
v.
KNIGHT.

## MORRIS v. KNIGHT.

In an action *ex contractu* against two, the sheriff's return of "not found" as to one does not authorize the plaintiff, under the statute of 1817, to proceed to judgment against the other alone; a return of "no inhabitant of the county" being necessary, in such a case, by that statute.

Monday,
November 16.

ERROR to the *Franklin* Circuit Court.

BLACKFORD, J.—This was an action of debt for rent by the plaintiff below against *Bethuel F. Morris* and *Daniel Hankins*, founded on a joint contract made by the defendants. The plaintiff suggested on the record the sheriff's return, that *Hankins* was not found in his county. *Morris* appeared and filed a general demurrer to the declaration, and the plaintiff joined in demurrer. Judgment was rendered for the plaintiff against *Morris* alone.

The principal error assigned in this cause is, that the action is founded on a joint demand, and the judgment is against one of the defendants only. In this case the contract was joint, and the only reason for taking judgment against one of the defendants alone was the sheriff's return, that the other was not found in his county. The act of assembly only authorizes this mode of proceeding in actions against joint or joint and several obligors, when the sheriff or other officer returns that any of the defendants are "not inhabitants of his county." Ind. Stat. 1817, p. 25. This is a remedial statute, and we are disposed to give it a liberal construction. The provisions may be considered applicable to all persons jointly, or jointly and severally, liable on contracts by deed or otherwise. It must appear, however, by the return, that the defendants not served with process are "not inhabitants of the county." That is not the fact in the case before us; and the proceedings, therefore, subsequent to the return of the writ are erroneous. 2 Bibb, 227.—3 Bibb, 363 (1).

*Per Curiam.*—The judgment is reversed, and the proceedings subsequent to the return of the writ are set aside, with costs. Cause remanded, &c.

*Caswell*, for the plaintiff.
*Lane*, for the defendant.

Nov. Term, 1820.

(1) Vide *Barton* v. *Petit*, 7 Cranch,194. In *England* when there are two defendants, and one only has appeared or is in custody, the plaintiff, after proceeding to outlawry against the other, may declare against the one who has appeared, alone, stating the outlawry of the other in the commencement of the declaration. *Haigh* v. *Conway*, 15 East, 1.—*Goldsmith* v. *Levy*, 4 Taunt. 299.—*Fort* v. *Oliver*, 1 M. and Selw. 242.—2 Arch. Pr. 163. The *Indiana* statute of 1807, pp. 333, 334, substituted the return of "non est inventus" for the *English* process of outlawry. By the statute of 1817, p. 25, the return was required to be "no inhabitant of the county." The statute of 1823, p. 290, makes the return of "non est inventus," with a suggestion thereof on the record, sufficient.