Mr. Justice Tkottee
delivered the opinion of the court.
The question to be decided in this case, arises from the facts stated by the plaintiff in error, in the plea of non est factum, which was filed by him in the court below, The proceeding against him was on a forthcoming -bond, which .had beep executed by him and others, to H. L. Crutcher,' and he avers that the *76 bond was signed and sealed by him in blank, as to the penalty and the amount of the execution under which it was taken, and that they were afterwards filled up without his knowledge, and that there was no redelivery thereof after this was done. The plaintiff below demurred to the plea, and the court sustained the demurrer.
It is a well settled rule of the common law, that a deed delivered in blank, is no deed; and if the blanks are afterwards filled, there must be a redelivery. In doing this, however, no formality is requisite; and if the obligor authorizes another to complete the deed, by filling the blank, and he does so, and then delivers it as the deed of the obligor, it will bind the latter. In the application of this rule, however, the courts appear to have experienced much difficulty. When the authority of the agent is conferred by deed, his power is undoubted.
By the common law, as it was understood anterior to the decision of the case of Texira v. Evans, by Lord Mansfield, cited in 1 Anst. 228, the power ofthe agent for that purpose could onlyarise by deed. 1 Comyn, 777. In that case a different rule was established; and it was held that a parol authority to fill a blank in a bond for the payment of money, by inserting the proper sum, was binding. And upon the authority of that case, it has been determined in Pennsylvania and in N. York, that a bond so filled up and delivered is good. In the case ex parte Kerwin, 8 Cowen, 118, the appeal bond was drawn with a blank as to the judgment; and the obligor, at the time of signing it, gave a verbal authority to the surety to ascertain the amount, insert it, and deliver the bond, which was done; and it was held to be good on the authority of Lord Mansfield, in Texira’s case. Woolly v. Constant, 4 J. R. 60, was decided on the same authority. The court there say, that though the blank be material, yet if It is 'filled with the consent of the obligor, it will be obligatory. And as the verdict in that case found such to be the fact, the court gave judgment against the obligor. The same reasoning is adopted by the court in Wyley v. Moore, et al. 17 Serg. & Rawle, 438. The bond in that case was left with the judge, in blank, with the express instructions of the obligor to fill it up. The same principle is in effect maintained by the same court, in Sigfried v. Levan, 6 do. 308.
*77 The principle of these decisions is, that a delivery .of the deed, by'an agent expressly authorized to do so, by the obligor, is equivalent to a delivery by the principal, and that this authority may be by parol. In most of the states, however, the courts have adhered-to the doctrine laid down in Cornyn, that such authority is not sufficient. Thus in the case of Gilbert v. Anthony, 1 Yerger, 69, it was held by the supreme court of Tennessee, that a bond signed and, sealed- in blank, with a verbal authority given at the time to fill it, is void, tinless redelivered or acknowledged by the' obligor. The court put the decision on the familiar reasons of the common law, as it is found in Sheppard, Plowd & Coke, which makes deeds, from the deliberation and solemnity with which they are supposed to be made, higher evidence than parol contracts., And; therefore, that to permit the execution of deeds to. depend on verbal testimony, and the imperfections of human memory, was at war with the policy of the rule. In a subsequent casé, the same question was decided in the same way. 1 Yerger, 149. In Kentucky, the court of. appeals have decided the question in accordance with the opinion of the court in Tennessee. 3 Bibb, 361. 5 Monroe, 25. It has been similarly determined in Virginia. 1 Washington, 73. In the case of Harris v. Tinnan, 4 Rand. 176, there was a blank bond, as to-the penalty, which was filled after the signing and delivery. And it was urged that the signing and delivery of a bond in blank, is an implied authority to fill, it upl ' But the court would not allow this doctrine. In Byers v. M’Lanahan, 6 Gill '& Johnson, 250, the court in Maryland. lay the rule down as Sheppard does, in his Touchstone. And that a valid deed cannot be made by writing over it a signature and seal upon a blank or empty sheet of paper.
In South Carolina they have held the same doctrine, 1 Hill’s S. C. Rep. 267. In the case of Davenport v. Slight, 2 Dev. and Battle’s Rep. 381. the defendant executed and delivered a bond in blank to an agent with a verbal authority to fill the blank and deliver it to the obligee, and this was held not to be the bond of the principal, although it was in proof that he had subsequently declared, in the absence of the bond, that he approved the delivery. In that case, judge Ruffin notices' the case of Texira v. Evans, which sanctioned the first inroad upon the ancient rule, *78 and the cases which have followed its authority, and regards the principles they establish as highly dangerous in the consequences. And indeed it seems to be difficult to resist the force of his argument, that if carried out, they must’end ultimately in a total destruction of the distinction between deeds as evidence of title, and mere parol contracts.
In the case of The United States v. Nelson and Myers, 2 Brock. Rep. 64, judge Marshall gave the subject a very full and careful examination, aqd reviewed all the' cases, after which he concluded that such-a bond is. void/ In that'case blanks were left when the bond was sighed' and sealed, and they were after-wards filled, but it did not appear that any authority, was given by the obligors for that purpose, or that after that, it was acknowledged or redelivered. • It was found by .the special verdict, however, that the defendants at'the time of signing and sealing the paper, well knew that it was to serve as the. bond of the obligors for' the duties of paymaster of' the U. S. Army; and it was hence insisted that ah authority to fill the blanks might be implied. But the chief justice held .otherwise, and maintained that no such authority could be implied, or be otherwise obligatory, and that a verbal authority would not bind. The weight of authority is evidently on the side of this decision, and we feel constrained to adopt 'the rule which it establishes, and apply it to the present case. It is certain that some inconvenience may occasionally arise under its operation, but it is better that such should be submitted to in a few cases, than that the whole country should be exposed to the dangers of fraud, perjury, and the mistakes of memory, which are inevitable, even with the most upright men.' •' 1 ■
Entertaining' these views, we feel satisfied, that the pl,ea presents a valid objection to a recovery upon the bond, and that. therefore the demurrer should have been overruled. This was the proper judgment under the authority even of the cases in Pennsylvania and New York. For in all those cases it is held to be a proper subject for, the inquiry of the jury, whether the proof made out a proper signing, sealing and delivery of the deed; This was so held in the case in 8 Cowen, 118, and in the case in 4 J. R. 60.
*79 The return made by the sheriff, that this bond was taken and forfeited canndt preclude the defendant from denying its validity. The law which makes the return of the officer conclusive, applies to the execution and return of process, and it has been decided by numerous and highly respectable authorities, to be only prima facie evidence in that case. The reasons upon which many of the courts however have held it to be conclusive between the parties, cannot apply to the case of deeds or bonds. 2 Leigh’s Rep. 157.
The judgment must therefore be reversed, and judgment rendered for the defendant.