Blackford, J.
This was a saire facias against Jesse Parnell, John Burton, and William M. Watkins, on a joint and *363 several recognizance. The writ states that on, &c., before Jacob Jones, an associate judge of Vigo county, &c., the defendants entered into a recognizance, which was afterwards filed in the clerk’s office and recorded, &c. The recognizance, which the writ professes to set out in hcec verba, commences as follows: “State of Indiana, Vigo county, ss. Be it remembered that on the seventh day of April, in the year one thousand- eight hundred and forty-one, John Burton and William Watkins, of Vigo county, personally appeared,” &c. The recognizance is conditioned for Yarnell’s appearance in the Circuit Court, &e., to answer the State on a charge of burglary, &c., and is executed as follows: “Jesse Yarnell, [seal], John Burton, [seal], TFto. M. Watkins, [seal.] Taken and a2>proved by me this 7th of April, 1841. Jacob Jones, associate judge.” The writ further states that on the first day of the term, &e., Yarnell was called and made default; that the other recognizors, his sureties, were called to produce the body of Yarnell, and also made default; that the recognizance was therefore declared forfeited, and a scire facias thereon ordered to issue; and it commands the sheriff to summon the defendants to appear, &c.
The prosecuting attorney suggested to the Court, that the scire facias had not been served on Yarnell. The other defendants craved oyer of the recognizance, which was granted. The recognizance, as shown on oyer, commenced as follows: “ State of Indiana, Vigo county, ss. Be it remembered that *on the seventh day of April, in the year of our Lord one thousand eight hundred and forty-one, John Burton and William Watkins, of Vigo county, personally appeared,” &c. The residue of the recognizance agreed with that described in the scire facias. Burton and Watkins demurred generally to the scire facias, and there was judgment against them.
The judgment is erroneous, on the ground that the suit, which is founded on contract-, is against three persons, and the judgment is against two of them only; no good cause being shown by the record for the irregularity. 1 Chitt. Plead., 50, *364 and the cases there cited. Morris v. Knight, 1 Blackf., 106. If the writ had been returned “not found” as to Yarnell, and that return had been suggested on the record, the judgment might have been entered as it is. R. S., 1838, p. 446. But no such return and suggestion appear. There is a suggestion .that the writ had not been served on Yarnell, but that does not show that he was not found.
J. Whitcomb, for the plaintiffs.
H. O’Need, for the State.
It is contended that the demurrer should have been' sustained, first, because Yarnell is not a party to the recognizance; and, secondly, because there is a variance between the recognizance described in the scire facias, and that shown on oyer. The first ground of demurrer is insufficient. The suit, it is true, could not be sustained unless it appeared that all the defendants had entered into the recognizance; but that wo think does appear. Although Yarnell’s name is omitted in the body of the recognizance, yet as it appears that he signed and sealed it with the others, and that it was taken and approved by the judge, it may be considered under the statute, notwithstanding the omission, as the recognizance of all the defendants And no suggestion of the omission was necessary in the scin facias, as it sets out the part of the recognizance objected to in hcec verba. Ross v. The State, decided at this term.
The other cause of demurrer must prevail. The recogni zance, as set out in the scire facias, is dated in the year one thousand eight hundred and forty-one; and that shown on oyer is dated in the year of our Lord one thousand eight hundred and forty-one. This is a trivial variance, but the defendants, it seems, may take advantage of it. The plaintiff, instead of describing the recognizance according to its *legal effect, undertook to give it in hcec verba; and he was consequently bound to set out an exact copy. Sheehy v. Mandeville, 7 Cranch, 208, 217; Lynch v. Wilson, 4 Blackf., 288.
Per Curiam.—The judgment is reversed. Cause remanded, &c.