SALINE COUNTY, Plaintiff in Error, *vs.* B. SAPPINGTON, *et al.*,
Defendants in Error.

1. *Practice, civil—Contract—Omission of seal.—Prayer for reformation—Demurrer*—An instrument in the form of a bond is good as a contract and constitutes a good cause of action at common law although without seal. And no necessity existing for its reformation to make it such, the fact that the plaintiff's petition prays for reformation of the instrument, so as to make it a specialty, will not warrant a demurrer.

2. *Practice, civil—Prayer for relief not a distinct cause of action.*—A prayer for relief does not constitute a distinct cause of action, but only seeks a particular remedy and is not demurrable.

### Error to Saline Circuit Court.

*Samuel Davis, with T. Shackelford,* for Plaintiff in Error, cited: State *ex rel.* vs. Frank's Adm'rs, 51 Mo. 98 ; Wiser vs. Blackly, 1 Johns. Ch. 607 ; Young vs. Coleman & Cason, 43 Mo. 179 ; Melching vs. Philips & Paul, 49 Mo. 315 ; United States vs. Linn, 15 Pet. 290.

*Vest,* for Defendants in Error, cited : Meyers vs. Field, 37 Mo. 439 ; Peyton vs. Ross, 41 Mo. 257 ; 2 Mo. 141 ; 8 Mo. 218–414.)

SHERWOOD, Judge, delivered the opinion of the court.

Action on an instrument executed by Sappington as treasurer of Saline county, and by the other defendants as his sureties. The instrument was not a bond in consequence of lacking the word "seals" in the body thereof.

Breaches were set out, reformation of the instrument so as to make it a specialty, and judgment for the penalty and execution, etc., were asked for. The defendants successfully demurred. There was no insufficiency in the petition. A mere prayer for relief is not demurrable. The instrument sued on was well enough without a seal; was good as a common law contract, made on adequate consideration, (Henoch vs. Chaney, 61 Mo. 129) therefore no necessity existed for reformation, and the prayer therefor may be rejected as surplusage. The mere prayer for relief does not constitute a distinct cause of action, but only seeks a particular remedy. (McClurg vs. Phillips, 49 Mo. 315.)

Judgment reversed, and cause remanded ; the other judges concur.