No. 6981.

THE STATE vs. H. S. NICOL, JASPER BOWMAN, ET AL.

When no statement of facts, showing what evidence was introduced on the trial of the case below, is submitted to this court, it will be presumed that the judge *a quo* proceeded on proper evidence.

The fact that in the bond given for the release of one charged with crime there is no mention of the offense with which he is accused, nor of any affidavit, information or indictment pending against him, will not release the surety on the bond.

The sureties on a bond which was given for, and procured the release of a prisoner charged with a criminal offense can not gainsay its regularity, or the regularity of the proceeding in which it was allowed.

APPEAL from the Sixth Judicial District Court, parish of Tangipahoa. *Duncan, J.*

*J. M. Wright,* district attorney, for plaintiff and appellee.

*James H. Muse, Bolivar Edwards,* and *C. J. Bradley* for defendants and appellants.

The opinion of the court was delivered by

DEBLANC, J. The charge against the defendants is that they have—in the night time—wilfully and maliciously set fire to and burnt a dwelling house, the property of one Peter Forshey, in which a human being was then residing.

Jasper Bowman—one of the accused—was arrested and released on a bond of twenty-five hundred dollars. Failing to appear and answer the charge made against him, his bond was forfeited, and his sureties

have brought an action to annul the judgment of forfeiture, on the grounds that:

1. The bond was not filed in evidence in the proceeding to forfeit the same.

2. There was no legal order authorizing the taking of said bond.

3. The condition of the bond requires the accused to respond to no crime or offence known to or recognized by the laws of the State, or laid or mentioned in any indictment or affidavit referred to in the forfeited bond.

The district court maintained the forfeiture, rejected the sureties' application and they appealed.

I.

To sustain the first ground relied upon by defendants, we are referred to decisions reported in the 12th, 15th and 20th A, and to a sound rule announced in "Voorhies' criminal jurisprudence. In those decisions, the court held—in substance—that parol evidence could not be admitted to prove that a verbal order to take a bond had been given in open court—that, when a bond has never been filed, it can not be inferred that it was introduced in evidence, or was before the court as a part of the proceedings—that, when there is a statement of facts, none but the evidence therein mentioned can be considered by the appellate court—that the declaration of the judge that two judicial days have elapsed from the date of the default, does not make proof of that fact, when the contrary appears from the minutes of the court. In Mr. Voorhies' Book, he remarks: " that an entry is to be made upon the minutes that the principal was called at the door of the court house, and that—failing to appear—his sureties were called to produce his body in open Court, whereupon the bond was duly forfeited. These minutes are signed by the presiding judge, and that constitutes the judgment of forfeiture.

12 A. 189, 349; 15 A. 224; 20 A. 547; Voorhies C. J. p. 362, No. 52.

These decisions do not support defendant's position: for—in this case—though there was no statement of facts, a deputy clerk testified that the bond which had been filed on the 28th of December 1875, was offered in evidence to obtain the judgment of forfeiture, and ordered to be filed, but that he omitted to do so. That testimony was objected to, but it is unnecessary to pass upon the objection.

The judgment of forfeiture commences as follows: " In this case, the accused—Jasper Bowman—having failed to appear as he was bound to do, before the honorable the sixth district Court, was called in a loud and audible voice at the Court house door, and failing to appear, he was again called three times at the Court house door, and ordered to come into Court, and notified that upon failure to comply with said order, his bond would be forfeited; and he still failing to appear or answer, the

sureties on his bond were three times called at the door of the Court house, in a loud and audible voice, and notified to produce instanter in open Court the body of their principal, and they having failed to answer or comply with the notification or order, and the bond being offered and filed, on motion of the district attorney, it is ordered that said bond be forfeited, etc."

The document from which we have copied the preceding portion, is transcribed in full in the transcript and styled " *Judgment—forfeiture on the minutes.*"

If no statement of facts was made during the progress of a trial, and the parties refuse to draw one, or can not agree as to the manner of drawing one, the court—at the request of either of them—shall make such statement according to their recollection of the facts, or from the notes they have taken of the evidence; and this step should be taken by the party who intends to appeal. C. P. 602, 603. Otherwise—it is now settled—it will be presumed that the court *a qua* proceeded upon proper evidence.

24 A. p. 20; 23 A. 504.

## II—III.

The second and third grounds are as untenable as the first. Jasper Bowman applied to be allowed bail in the case wherein he is charged with arson, and—in that case—it was ordered ." that he be discharged from custody on furnishing bond and security, to be accepted by the sheriff, in the sum of twenty-five hundred dollars. On the 24th of December 1875, he gave the required bond, approved and accepted by the sheriff—the principal condition in which is that he should appear before the court during its session, from day to day, from term to term, etc." That the decree of forfeiture was rendered on that bond, and on no other, there can be no serious doubt. As to the alleged fact that the order admitting to bail one who—then—was a prisoner, makes no reference to the offence with which he is charged, nor to any affidavit, information or indictment pending against him, it is no concern of the sureties on the bond. Their obligation is that—unless their principal did appear when called at the time fixed and specified in the instrument, they should pay the amount of the bond. Their principal was called in the proper case, at the proper time, in the manner pointed out by law, and he did not appear; and—called themselves—they failed to produce him or account for his absence. Their liability—as his sureties—has certainly accrued.

13 A. 299.

When the bond was taken, Jasper Bowman was in the custody of the sheriff—and—as it was by the execution of said bond that his sureties procured and obtained his release, they can not now successfully

gainsay its regularity or the regularity of the proceeding in which it was allowed.

13 A. 299; 14 A. 783; 16 A. 141.

The reasons given by the district judge in support of his decision have effectually assisted us in the examination of this case. As to the facts and the law applicable to them, his conclusion is correct, and the judgment appealed from is affirmed with costs.