JUDGMENT ACCORDINGLY.

THE other judges concur.

---

CHARLES A. HOLMES AND JAMES C. REID, PLAINTIFFS IN ERROR, v. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

1. **Criminal Law**: RECOGNIZANCE. A criminal recognizance requiring a person who has been charged with the commission of a felony and held to bail by an examining magistrate to appear before the district court, on a day certain, to answer the charge preferred against him, is a sufficient compliance with section 307 of the criminal code, if the date fixed in the recognizance for the appearance of the accused is in fact the first day of the next term of said court.

2. ———: ———. A recognizance taken by an examining magistrate and signed by all the obligors, is sufficient and will bind all, whether their names are entered in the body of the same or not, provided it complies with the law in other respects.

3. **Demurrer.** A demurrer admits all allegations of the pleading to which it is made, and if an exhibit attached to a pleading is not "made a part" thereof, the pleading will yet be held good on demurrer, if the facts stated therein, including the giving of the instrument, are sufficient to constitute a cause of action.

4. **Recognizance taken by County Judge:** SEAL NOT RE-QUIRED. Where a county judge, acting as an examining magistrate, requires the accused to enter into a recognizance for his appearance at the next term of the district court, and such recognizance is given with sureties which are approved by such county judge, the endorsement of such approval upon the recognizance is not required to be attested by the seal of the county judge.

ERROR to the district court for Johnson county. Tried below before NORVAL, J., sitting for DAVIDSON, J.

*Osgood & Harris, A. H. Babcock,* and *S. P. Davidson,* for plaintiffs in error.

*William Leese, Attorney General,* for the State.

REESE, J.

This action was originally brought in the district court against one Con. McGee, as principal, and plaintiffs in error, as sureties, upon a forfeited recognizance. Defendant in error filed its petition, by the district attorney, alleging substantially that a complaint had been filed before the county judge of Johnson county charging the said McGee with the crime of horse stealing; that a warrant was duly issued by the county judge for his arrest, and that he was arrested thereunder by the sheriff of said county and brought before said county judge, when a preliminary examination was had; that the county judge, after hearing the testimony, found there was probable cause to believe said McGee guilty of the crime charged, and he was ordered to enter into a recognizance in the sum of $500 for his appearance "at the first day of the next term of the district

court to be held in and for Johnson county," and that said McGee and defendants entered into such recognizance. A copy of the recognizance is attached to the petition and identified as exhibit "A." The petition further alleges that said McGee was, by the grand jury of the next term of the district court of said county, duly presented, charging him with said crime, but that he failed to appear, and upon his default and the failure of plaintiffs in error to produce him, the recognizance was declared duly forfeited by said court and judgment of forfeiture duly rendered, etc.

To this petition plaintiffs in error demurred upon the grounds: 1. That the court had no jurisdiction of the persons of the defendants; 2. That there was a defect of parties plaintiff; and 3. That the petition did not state facts sufficient to constitute a cause of action. The demurrer was overruled. Plaintiffs in error refused to answer further, but elected to stand upon their demurrer. Subsequently the state dismissed the action as to McGee, and judgment was rendered against plaintiffs in error, who bring the cause into this court by proceedings in error for review.

The questions which are presented by plaintiffs in error will be noticed in their order. The first is, that the recognizance "required the appearance of the accused before the district court of said Johnson county on the 3d day of October, 1882," and not on the first day of the next ensuing term thereof as required by law, and that the recognizance is therefore void on its face, as it does not appear from the face of the recognizance that the third day of October was the first day of the term. The petition alleges that he was required to appear on the first day of the term of court next ensuing. The 3d day of October *was* the first day of the ensuing term. The court being in session could take judicial notice of the date of its session. While the law requires a defendant to be required to appear and answer to the charge on the first day of the next ensuing term (sec.

307, criminal code), yet we know of no law requiring the exact language of the statute to be followed in a recognizance. If he is required to appear upon a day which in fact is the first day of the term it is sufficient.

The next point presented is, that the recognizance was insufficient to constitute a cause of action against McGee and was dismissed as to him for that reason ; that the recognizance upon its face only binds the sureties (plaintiffs in error) and does not bind the accused. The record fails to show why the action was dismissed as to McGee, but it *does* show that the dismissal was entered upon the motion of defendant in error after the overruling of the demurrer of plaintiffs in error. However that may be, the recognizance shows upon its face that he did sign it, the only objection being that his name was not written in the body of the instrument. It was not necessary that the names of any of the obligors should be so written.

"The character of the instrument, the obligation which the parties respectively assume, and their relation to each other are all apparent from a reference to its terms alone. There is no ambiguity or want of certainty in any essential particular," and the signatures of the obligors at the foot of the instrument were sufficient to render them liable thereon. *Stewart v. Carter*, 4 Neb., 566. McGee was liable on the face of the recognizance, and a judgment could have been rendered against him for the amount named therein.

It is next urged that the recognizance does not show upon its face that the officer before whom it was taken was the same officer before whom the preliminary examination was had, nor that the person before whom the recognizance was taken was authorized or empowered to take the same, nor that the official seal of the county judge was attached to it. To the first of these objections it must be answered that the petition alleges the fact and the demurrer admits it. As to the second, it appears to have been taken in

Johnson county, before J. C. O'Connel, county judge, he being the county judge by whom McGee was held to answer.

As to the third objection, no seal was necessary. Had the recognizance been entered in the docket of the county judge it would have been sufficient.

It is next urged, that as the copy of the recognizance is not formally "made a part" of the petition, simply attached and referred to as "A," we must look to the petition alone for the statement of the facts necessary to constitute a cause of action. As the allegations of the petition have been substantially given, we need not repeat them here. They were sufficient. All the essential facts were alleged.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.