CITY OF LYNN *vs.* COUNTY COMMISSIONERS OF ESSEX.

Essex. November 5, 1890. — January 9, 1891.

Present: FIELD, C. J., W. ALLEN, HOLMES, & KNOWLTON, JJ.

*County Commissioners — Truant Schools — " Town."*

In the Pub. Sts. c. 48, § 14, providing for the establishment by the county commissioners of truant schools " if three or more towns in any county so require," the word " towns " is to be construed to include cities, and a requirement by two cities and two towns is sufficient, and binding upon the commissioners.

PETITION for a writ of mandamus, alleging that, on or about February 12, 1884, the petitioner, together with the city of Haverhill and the towns of Peabody, Beverly, Danvers, and Groveland, all in the county of Essex, duly required the respondents to establish at some convenient place in the county a

truant school, in accordance with the Pub. Sts. c. 48, § 14; that the respondents had failed and neglected to establish the school; and praying that they be ordered to do so. The answer alleged that the towns of Beverly and Danvers had rescinded their votes whereby they had required the respondents to establish the truant school in question; and that in consequence the respondents were not required or authorized to establish it. The petitioner demurred generally to the answer. *Devens,* J., reserved the case for the determination of the full court.

*J. R. Baldwin,* for the petitioner.

*W. D. Northend,* for the respondents.

KNOWLTON, J. By the Pub. Sts. c. 3, § 3, cl. 23, it is provided that, in the construction of statutes, "the word 'town' may be construed to include cities." If this provision is applicable to the word "towns," as used in the first part of § 14 of the Pub. Sts. c. 48, the cities of Lynn and Haverhill are to be counted as having required the county commissioners to establish a truant school, and the votes of Beverly and Danvers to rescind their former votes are immaterial, and a peremptory writ of mandamus must be issued.

Reading § 14 of the Pub. Sts. c. 48, as if it were a single enactment, the use of the word "towns" alone in the first part of the section, and of the words "cities or towns" in a similar connection in the last part of the section, creates an ambiguity, and raises a doubt whether a distinction was not intended between the method of requiring the establishment of a county truant school under the first part of the section, and of a union truant school for different counties under the last part of the section. But upon considering the history of the legislation the whole matter becomes clear. The first part of the section is a re-enactment of the St. of 1873, c. 262, § 5, in which the words used were "cities or towns," and the commissioners, without intending to change the meaning, and evidently with a view to conciseness, omitted the word "cities" as unnecessary. Their first report to the Legislature did not contain the last part of § 14 of the Pub. Sts. c. 48, and this was derived from a subsequent enactment of the Legislature (St. 1881, c. 144), and incorporated into their report by an amendment. In this amendment the words "cities or towns" were retained as found in the original act.

We are of opinion that the word " towns " in the first part of the section includes cities, and that if the towns of Beverly and Danvers could effectually rescind their action after having joined with other towns in requiring the county commissioners to establish a truant school, which we do not intimate, there are still more than three cities and towns continuing in the requirement, and the order must be,    *Peremptory mandamus to issue.*