E. W. CASE, APPELLANT, v. O. L. DANIELS, APPELLEE.

1. FORM OF APPEAL BOND.—It is not essential, in order to bind the obligors in an appeal bond, that it should be drawn in the specific form expressed in the statute; it is enough if the instrument substantially conforms to the statutory provisions.

2. LIABILITY OF SURETY IN APPEAL BOND.—The omission of the name of the surety from the face of an appeal bond and from its recitals does not release him from liability, where he signed the bond and justified as surety.

*Appeal from County Court of El Paso County.*

Mr. FRED BETTS, for appellant.

Mr. WALTER M. HATCH, for appellee.

BISSELL, J.   In June 1888, the appellee, Daniels, brought an action against S. Y. Case before a justice of the peace in El Paso county, and recovered a judgment against him amounting to about one hundred and thirty-two dollars. The judgment debtor prayed an appeal to the county court, which was subsequently dismissed for reasons which it is unnecessary to state, and a *procedendo* issued.   The present action was brought upon the bond given on the appeal taken to the county court, and resulted in a judgment against the appellant, E. W. Case, from which the present appeal was prosecuted.

In its general provisions the bond was executed according to the form prescribed by the statute.   There was no material variance from the general statutory requirements, and it would be held sufficient in form to render the appellant liable according to its terms, unless the omission hereafter considered would operate to discharge him.   It is not essential in order to bind the obligors that the bond be in the specific form expressed in the statute, but it is enough that the instrument substantially conforms to its provisions.   This

has always been held adequate to make a binding obligation. *Crane et al. v. Andrews et al.*, 10 Colo. 265 ; *Schill v. Reisdorf*, 88 Ill. 411.

The bond was incomplete in one particular, which it is insisted rendered it so absolutely defective as to entirely preclude a recovery. The instrument, as introduced in evidence, recites that—" we, S. Y. Case, etc., are held, etc.; now, therefore, if the said S. Y. Case shall etc., the obligation to be void—otherwise to remain in full force." It is thus evident that upon the face of the instrument, and in its recitals, the name of the appellant and surety was not inserted. But it appears that E. W. Case signed the bond, and he deposed in the form provided for this class of obligations,—that he was a householder and freeholder,—resided in Colorado Springs and was worth double the amount of the penalty of the bond, and he likewise acknowledged that the instrument was subscribed by him as his free act and deed for the uses and purposes therein set forth. The judgment was stayed upon the bond, and the appeal was prosecuted until it was dismissed by the county court, to which the appeal had been taken. No good reason can be given for releasing the surety, Case, from the obligation which he assumed. According to the course of all the authorities this would be a good common law instrument, binding upon all persons who had signed and sealed it according to its terms and conditions. That this is a statutory instrument ought not, in the law, to absolve the surety from the contract into which he entered, unless there be found within the enactment some mandatory provision from which there is no escape. There is nothing in the statute which necessitates this conclusion ; according to its terms it is only necessary that the bond be in substantial conformity to the prescribed form. The technical objection should not avail to discharge a contract into which a party has voluntarily entered. In a well considered case in Illinois, *Neil v. Morgan et al.*, 28 Ill. 524, under a statute similar to the one which prevails in Colorado, it was expressly adjudicated that neither the omission of a name nor a mistake in it would

operate to relieve a bondsman from liability, when it appeared that he was the individual who had affixed his name to the obligation. The decision is in harmony with antecedent adjudications upon similar questions, and results in the enforcement of no obligation except that into which a party has voluntarily entered, and it must meet with the approval of the courts. Finding no error in the record the judgment must be affirmed.

*Affirmed.*