[No. 6154.]

## MURRAY v. THE PEOPLE, FOR THE USE OF SAGUACHE COUNTY.

**Bail—Recognizance—Requisites—**A recognizance taken by a justice of the peace under the statute (Mills' Stats., § 2778; Rev. Stats., § 3878) need not contain the name of the surety in the body thereof. If subscribed by him, he is bound, though nowhere mentioned in the instrument.—(110, 111)

Where the condition recited that the hearing of the charge against the accused "upon application of the said Searles, Thomas C. Brown was continued," to a day named, the name of Brown was rejected as surplusage.—(113)

The name of the accused was "Surles." In the recognizance it was written "Searles." Held idem sonans, and the difference in orthography unimportant.—(113)

The recognizance recited a charge of "grand larceny," held to import the larceny of goods exceeding $20.00 in value.—(114, 115).

*Appeal from Saguache District Court* — Hon. CHARLES E. HOLBROOK, Judge.

Mr. GEO. D. WILLIAMS for appellant.

Mr. JAMES D. PILCHER, district attorney, and Mr. IRA J. BLOOMFIELD for appellee.

Mr. JUSTICE MUSSER delivered the opinion of the court:

This action was upon the recognizance of one H. F. Surles with W. H. Murray as surety. Surles had been arrested and brought before a justice of the peace upon a charge of larceny. The recognizance is as follows, in the obligatory part:

"Be it remembered, That on the 4th day of April in the year of our Lord one thousand nine hundred and four, H. F. Searles of the county of Saguache, personally came before J. R. Hicks, justice of the peace in and for the said county of Saguache, and H. F. Searles acknowledged to owe and be indebted unto the people of the state of

Colorado, in the penal sum of Five Hundred Dollars, lawful money of the United States, to be levied of their and each of their goods and chattels, lands and tenements, to the use of the said people, if .default be made in the following conditions, to wit:''

Then follow the conditions binding Surles to appear before the justice on the 13th day of April, 1904, with the signatures at the foot, H. F. Surles (Seal) and W. H. Murray (Seal). Among the recitations was one saying that Surles had been required to give bail with security. The appellant contends that this recognizance was fatally defective and wholly insufficient to bind him.

1. The appellant says that his name does not appear in this recognizance, except where signed by him, and that, therefore, he did not acknowledge himself to be indebted in any sum whatever, and that the acknowledgment of indebtedness was by Surles alone. The authority for taking such a recognizance is conferred upon a justice of the peace by sec. 3878 Rev. Stats., which is as follows:

"Any justice of the peace, before whom any person is brought on .complaint for any crime, misdemeanor or other offense, bailable by the laws of this state, may take the recognizance of such person or persons, with surety or sureties in a reasonable sum, for his appearance before said justice for further examination at a future time,'' etc.

The words of .this statute indicate that the recognizance to be taken is that of the accused. It is not the recognizance of the surety. The person recognized is the person accused, for the next section starts out: "If the person thus recognized shall not appear before the said justice at the time appointed for further examination,'' etc. The person who is to appear before the justice is the accused. Taking the statute literally, there is no reason why

the name of the surety should appear on the instrument in any other capacity than that of surety. Under the statute, it is not his recognizance, nor is he the person recognized, but he is simply a surety. In the latter capacity, there is no better place for his name to appear on the instrument than at the foot, after the name of the accused. It is not to be understood from this that his name could not appear in the instrument, or that if it should so appear the recognizance would be invalid. If this should not be the correct view to take of the statute, the authorities are abundant that the name of the surety need not appear in the body of the instrument. The situation in this case is covered in the following quotation from *Neil v. Morgan,* 28 Ill. 524-527:

"In this case the securities must have known that they were executing a bail bond, not as principals, but as securities, as they were not sued or arrested, and the instrument recited that the principals had been. They also knew, that the object of the bond was to procure the release of the principal from custody. This they no doubt intended to do, and when they read the bond and condition, and executed it, they must have intended to become liable if the condition of the bond was not performed. By executing the bond they obtained the release of the principal, and the plaintiff in the original action no doubt relied upon it as good and sufficient. In the administration of justice, mere technicalities, unless positively required by the law, should not be regarded, especially when they stifle justice, defeat the intention of the parties, and tend to no beneficial end."

This language, which is exactly applicable to the present case, was written in a case where the names of the sureties did not appear in the body of the bail bond.

In *Leith .v. Bush,* 61 Pa. St. 395, the bond was: "I, William Bush, am held, etc., * * * to which payment, etc., * * * I do bind myself, my heirs, etc., and every of them, * * * sealed with my seal, etc." The conditions followed and the bond was signed by Bush and four others, and it was held that it was the joint and several bond of all.

"An obligation which, in its terms, purports to be that of one person, as 'I hereby bind myself,' etc., and is executed by more than one, may be treated as the several. obligation of each person who signs it, or the joint obligation of all."—*Scheid v. Leibshultz,* 51 Ind. 38-41.

In *Burton v. State,* 6 Blackf. 339, the recognizance commenced: "Be it remembered that on the seventh day of April, in the year * * * John Burton and William Watkins, of Vigo County, personally appeared," etc. The recognizance was conditioned for Yarnell's appearance in a certain court. The latter defaulted. Yarnell's name was omitted in the body of the recognizance, but he signed and sealed it with the others. The court held that it was to be considered as the recognizance of all of the defendants.

In *Holmes v. State,* 17 Neb. 73, the recognizance, upon its face, bound only the sureties and did not bind the accused, but the accused signed it, the only objection being that the name was not written in the body of the instrument. The court said that, "it was not necessary that the names of any of the obligors should be so written," and quoted from *Stewart v. Carter,* 4 Neb. 566: "The character of the instrument, the obligation which the parties respectively assume, and their relation to each other, are all apparent from a reference to its terms alone. There is no ambiguity or want of certainty in any essential particular." From these authorities, it ap-

pears that the omission from the body of the recognizance of the name of the appellant who, as a surety, signed the recognizance of the accused, did not affect the liability of the surety, he having signed it with the intention plainly apparent of becoming a surety to procure the release of the accused from custody.

2.   The appellant says that the recognizance does not recite a continuance of the case from April fourth to April thirteenth, the day on which the accused was to appear.   The instrument says: "The hearing upon said charge being this day, upon the application of the said H. F. Searles, Thos. C. Brown was continued to the thirteenth day of April, A. D. 1904, at one o'clock P. M.," and it further says that if Surles appear before the justice on the 13th day of April, 1904, at one o'clock, and remain and abide the order of the court, the recognizance would be void.   While the language is not the best and clearest that could be used, it is beyond question that the name Thos. C. Brown is mere surplusage and the words "was continued" plainly refer to the word "hearing."

3.   Objection is made to the recognizance because the name of the accused in the body is "H. F. Searles," while the signature at the bottom is "H. F. Surles."   In *Lytle v. The People*, 47 Ill. 422, the name of the accused in the body of the recognizance was written Little, but it was signed Lytle. The court held the variance between the two names was so slight that it was evident they were both designed to represent the same person, and the recognizance was held binding.   The word "Searles" must be pronounced the same as the word "Surles." Indeed, if the name is pronounced to persons not familiar with its spelling, one might spell it, with propriety, "Searles" and another, with equal

(8)

propriety, "Surles." To the ordinary person, the combination e-a-r-l has the same sound as the combination u-r-l. In fact, there is no difference in the two names but a difference of orthography. Orthography is not important if the sound is the same.— *Moore v. Allen,* 26 Colo. 197. And on page 202, the court quoted from 16 Ency. of Law, 122: "That if two names, according to the ordinary rules of pronouncing the English language, may be sounded alike, without doing violence to the letters found in the variant orthography, then the variance is *prima facie,* at least, immaterial, and may be so decided by the court." This difference in orthography, the sound being the same, did not deceive or injure the surety in any way, for, *prima facie,* it was immaterial, and he has failed to show that he was, in fact, in any manner, deceived or injured thereby.

4. Another ground of objection to the recognizance, by the appellant, is that it fails to recite that the accused was charged with any offense known to our statutes. It does recite that the accused was brought before the justice of the peace "upon a charge of grand larceny." It is said that our statute describes the crime of "larceny," but that nowhere is there any crime designated or defined as "grand larceny." It is common to refer to the larceny of an article or thing, whose value exceeds twenty dollars, as grand larceny. Indeed, our legislature seems to have accepted the common use of the term in an act in relation to the larceny of bicycles (Sess. Laws 1901, p. 160), wherein it was enacted that the stealing of a bicycle shall be construed to be grand larceny, subjecting the offender to imprisonment, notwithstanding that the value of the bicycle may be twenty dollars or less. Again, in Sec. 1680, Rev. Stat. 1908, the term is used with reference to the larceny of ore. In *Chase v. The*

*People,* 2 Colo. 528, the offense set forth in the recognizance was that of being a common gambler. It was held that the offense was sufficiently described, though the term was descriptive of the person committing the offense, rather than of the offense itself. The offense need not be described in a recognizance with ·the same particularity as in an indictment. *Chase v. The People, supra.* The offense really described was larceny. There is no doubt that larceny is an offense under the statute. The word "grand" was descriptive of the larceny. The recognizance then, in fact, recited that the accused was charged with the offense of larceny of property exceeding twenty dollars in value. Neither the accused nor his surety was misled. There is no legal principle that will justify the avoidance of this recognizance, because it recited that the accused was brought before the justice on a charge of grand larceny instead of reciting that he was brought before the justice on the charge of larceny of property exceeding twenty dollars in value. As all the errors noticed by the appellant in his brief have been found without merit, the judgment is affirmed.    *Affirmed.*

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE BAILEY concur.