## No. 9648.

### DARROW, ADMINISTRATOR v. THE PEOPLE.

1. EVIDENCE—*Presumptions.* Question as to the conformity or non-conformity of a certain bail bond with the order of the court directing it. There being no evidence as to the matter, it was presumed that the clerk taking the bond discharged his duty, and accepted a bond in proper form.

2. BAIL BOND—*Technical Sufficiency,* is not open to question by one who thereby secures his liberty.

3. *Seal.* An instrument in the form of a bail bond, but lacking the seal, may be enforced as a common law obligation.

4. *Consideration.* The release of the principal is a sufficient consideration as to him and therefore as to the surety.

5. *Not Specifying the Crime Charged.* A party incarcerated in the penitentiary applied to this court for the writ of habeas corpus. The writ was granted, and the petitioner required to give bond, conditioned among other things he should surrender himself if denied a discharge. *Held* that the omission to specify in the bond the particular crime of which the principal was accused was unimportant.

*Error to Denver District Court, Hon. Clarence J. Morley, Judge.*

Mr. C. W. DARROW, Mr. THOMAS WARD, JR., for plaintiff in error.

Hon. VICTOR E. KEYES, Attorney General, J. J. LATON, Special Assistant Attorney General, for the people.

Mr. Justice Teller delivered the opinion of the court.

While one Chemgas and one Horons were serving a term in the state penitentiary, under a conviction of a felony, they each made application to this court for a writ of habeas corpus. The writs issued, and pending a final consideration of the cases, the petitioners were ordered admitted to bail in the penal sum of $7,000.00, with surety to be approved by the clerk of the court.

Bonds were filed and approved by the clerk, each of said bonds being conditioned that the .principal should "When notified, be and appear at the sessions of said court from time to time and day to day until the final determination of said cause, and shall not depart said state without leave of said court; and shall surrender himself to the said court to be remanded in accordance with the order therefor, in case such order is at any time made, and shall in all respects obey the orders of said honorable court." Upon the giving of the bonds, the petitioners were discharged from custody. Upon final hearing of the causes, an order was entered in the Chemgas case "That the motion to discharge the petitioner on the return be denied, and he is remanded to the custody of the warden of the penitentiary." In the Horons case, the order was only that the petition be denied, there being no remanding order.. The petitioners having disappeared, action was brought to recover on the bonds, William H. Rohrer, one of the sureties on the bonds, being the only defendant served. Rohrer having died, Darrow, as administrator, was substituted as defendant. Judgment was rendered for the plaintiff in the sum of $15,000.00, and the cause is now here on error.

Plaintiff in error contends that, inasmuch as there is no statutory provision for the giving of a bond, as provided in the order of this court, the conditional portion of the bond must follow the court's order; that since the bond given does not in all respects follow said order, it is void. Counsel urge the following additional points as grounds for reversal of the judgment:

First, that the bond is not under seal. Second, that there is no allegation of the breach of the bond, because it was not alleged that the principal had been notified to appear. Third, that the action should have been brought in this court in which the bonds were ordered to be given. Fourth, that the bonds are void because they do not specify the nature of the crime of which the principal obligors were convicted, or the terms of their sentences. Fifth, because the name of defendant Rohrer does not appear in the body of the instrument.

As to the first contention that the obligation is void because not in strict accordance with the order of the court which authorized it, it is sufficient to say that the record does not contain a copy of the said order. The answer sets out what is claimed to be a copy of the order, and the replication denies that the copy in the answer is correct, and sets out what is alleged to be a correct copy. The record contains no evidence on the question. In the absence of any proof on the point, it will be presumed that the clerk discharged his duty and approved a bond which was in the proper form. In any event, since the bonds as given secured the petitioners' release, neither they nor their sureties can now successfully question the technical sufficiency of the security. *State v. Nicol,* 30 La. Ann. 628. The instrument is further attacked on the ground that it is not under seal. In order to make the sureties liable, it is not necessary that the security given be technically a bond. It is well established that an instrument lacking a seal may be enforced as a common law obligation. *Saline County v. Sappington,* 64 Mo. 72; *U. S. v. Linn,* 15 Peters 290, 10 L. ed. 742; *Bank v. Briggs,* 69 Vt. 12, 37 Atl. 231; *People v. Groat,* 22 Hun. 164; *Kelly v. McCormick,* 28 N. Y. 318. The case last cited involved a bond, not under seal, given to a sheriff to procure the release of a party under arrest. The sureties were held liable on it as an obligation voluntarily entered into by them. The court said: "After presenting the instruments to the sheriff as a lawful and valid security, and by means of it obtaining the discharge of the principal from arrest, neither he nor his sureties ought to be permitted to get rid of it by alleging that it was not so strong or so perfect as the sheriff might have required it to be." Such an obligation, if entered into voluntarily and upon a sufficient consideration, is binding upon both principal and surety. *Abbott v. Williams,* 15 Colo. 512, 25 Pac. 450. The release of the principals was a sufficient consideration as to them. If there be a consideration as to the principal, it serves also as a considera-

tion for the sureties. *U. S. v. Linn, supra.* The objection as to the form, and execution of the bonds was properly overruled.

We see no merit in the contention that there was no breach of the bond proved, because the principals had not been notified to appear. In addition to the matters which the principal was required to do upon notice, there was a further condition that he should surrender himself to the court to be remanded in accordance with the order therefor, and that he, in all respects, obey the orders of the court. It is not contended that either of the principals complied with any part of these conditions. They were released in September, 1910. This is not a tribunal for the trial of causes, and the action was properly brought, and tried in the District Court.

The further contention that the bonds were void because they do not specify the crime for which the principals were convicted, is also without merit. The bonds recited that the petitioners had made application to this court for discharge from the state penitentiary. If the sureties desired further knowledge as to the matter, it was easily within their power to obtain it. There is nothing to indicate that they were injured by the omission complained of. It has been held that such omission is not sufficient to release a surety. *State v. Nicol, supra; People v. Gillman,* 125 N. Y. 372, 26 N. E. 409. It is well established that a bond is not void because the name of a surety appears only as a signer, and not in the body of the instrument. *Case v. Daniels,* 1 Colo. App. 116, 27 Pac. 886; *Murray v. The People,* 49 Colo. 110, 111 Pac. 711, Ann. Cas. 1912 A, 603. It is admitted that said petitioners have failed to return to the penitentiary, or to surrender themselves to this court. This is sufficient to establish a breach of the bond and to render the surety liable.

There being no error in the record, the judgment is affirmed.

*Affirmed.*

Chief Justice Garrigues and Mr. Justice Burke concur.